MILWAUKEE WESTERN FUEL COMPANY, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

*January 15—February 9, 1915.*

*Workmen's compensation: Findings of industrial commission, when conclusive: Death: Accident or suicide?  Evidence: Presumptions: Services incidental to employment.*

1. Under sec. 2394—19, Stats. 1913, findings of fact by the industrial commission are conclusive if supported by the evidence, in any reasonable view thereof.
2. An employee who, after eating his luncheon on the employer's premises as was customary, started to walk along a passageway near the river bank towards a toilet provided for the use of employees and fell into the river and was drowned, was "performing services growing out of and incidental to his employment," within the meaning of sec. 2394—3, Stats., if he expected to resume his work when the lunching time expired.
3. A finding by the industrial commission in such case that the employee's death was caused by accident and not by wilful misconduct on his part in jumping into the water with intent to commit suicide, is *held* to be supported by evidence.
4. Effect may properly be given to the presumption against suicide, even though the evidence is not all consistent therewith.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.  *Reversed.*

This is an action by the plaintiff on an appeal from the

finding of the *Industrial Commission* of the state of Wisconsin, which *Commission* awarded the defendant *Barbara Hartmann* compensation to be paid by the plaintiff for the death of her husband, George Hartmann, which occurred while he was in plaintiff's employ.

On May 29, 1913, George Hartmann was in the employ of the plaintiff. He met his death by drowning in the Menominee river. He was a man fifty-six years of age and had worked for the plaintiff company a number of years. The plaintiff's premises for conducting its fuel business were located on the Menominee river. On the morning of May 29th Hartmann left home to go to work, and finding it was raining he returned and got an umbrella. About 10 o'clock of the forenoon of that day the employees took a short time off for lunch, as was the usual custom. There were two or three toilets upon the premises and one of them was situated a few feet from the river front near the generator room. In order to reach this toilet men walk along a narrow passageway about seven feet wide between the buildings to the river and thence along the river a distance of about 220 feet. This toilet room was used by the employees of the company. During the lunch period on the 29th of May one of the employees, hearing a splash, looked out of the window and saw Hartmann in the water. He appeared to be making no struggle. Assistance was rendered him as soon as possible, but nothing could be done to save him. It was about three quarters of an hour from the time the splash was heard until the body was recovered. The plaintiff introduced evidence tending to show that Hartmann was demented,—that he had hallucinations or delusions. Clearly he had aberrations of some kind, but the testimony shows that he was perfectly sane about his work.

The *Industrial Commission* awarded compensation to the defendant *Barbara Hartmann* amounting to $2,259.11, payable in weekly instalments of $7.23, considering interest at three per cent. per annum.

Upon appeal the circuit court set aside and vacated this order of the *Industrial Commission* and awarded costs against the defendant *Barbara Hartmann.* The circuit court held that it is incumbent on a claimant for compensation on account of the death of an employee, under the Workmen's Compensation Act, to show that death was caused by accident and that it resulted while the employee was in service growing out of or incidental to his employment. The court also held that the evidence "is as equally consistent with death by suicide as by accident. . . . The *Commission* seems to base its findings upon the presumption against suicide," and then determined the case against the claimant upon the following ground: "The court concludes that there is no evidence to support the finding that death was proximately caused by accident, and that therefore the award of the *Commission* must be vacated and set aside." Judgment awarded accordingly. This is an appeal from such judgment.

For the appellant *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.* They argued, among other things, that the presumption is that the drowning was accidental. *Krogh v. Modern Brotherhood,* 153 Wis. 397, 401, 141 N. W. 276; *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338, 342, 14 N. W. 446; *Johns v. Northwestern M. R. Asso.* 90 Wis. 332, 335, 63 N. W. 276; *Pagel v. U. S. C. Co.* 158 Wis. 278, 148 N. W. 878; *Butero v. Travelers' Acc. Ins. Co.* 96 Wis. 536, 540, 71 N. W. 811; *Henry Steers, Inc. v. Dunnewald,* 85 N. J. Law, 449, 89 Atl. 1007; *Lee v. Stag Line,* 56 Sol. Jour. 720, 5 Butterworth's Workm. C. C. 660; *Mackinnon v. Miller,* 46 Scot. Law Rep. 299, 2 Butterworth's Workm. C. C. 64; *Southall v. Cheshire Co. N. Co.* 5 Butterworth's Workm. C. C. 251; *Richardson v. Ship Avonmore,* 5 Butterworth's Workm. C. C. 34; *Steamship Swansea Vale v. Rice,* 27 T. L. Rep. 440, 4 Butterworth's Workm. C. C. 298; *Ayr S. S. Co. v. Lendrum,* 50 Scot. Law Rep. 173, 6 Butterworth's Workm. C. C. 326, 338;

*Furnivall v. Johnson's I. & S. Co.* 5 Butterworth's Workm. C. C. 43; 1 May, Ins. (4th ed.) § 325. No different presumption should be indulged in where the proceeding is under the Workmen's Compensation Act than when it is an action upon an insurance policy. *Sadowski v. Thomas F. Co.* 157 Wis. 443, 447, 146 N. W. 770; *Young v. Duncan*, 218 Mass. 346, 106 N. E. 1. In an action upon an accident insurance policy this court has said that the presumption that the death was caused by accident properly applies where there is no evidence to show the circumstances and manner in which the injuries were inflicted. *Butero v. Travelers' Acc. Ins. Co.* 96 Wis. 536, 540, 71 N. W. 811. See, also, Boyd, Workm. Comp. § 447 and cases cited; *Muzik v. Erie R. Co.* 85 N. J. Law, 129, 89 Atl. 248; *Pomfret v. L. & Y. R. Co.* 19 T. L. Rep. 649, 5 Workm. C. C. 22. If Hartmann's falling into the water was due to fits, vertigo, or other temporary physical trouble, it still would be accidental. 1 Bradbury, Workm. Comp. (2d ed.) 360 *et seq.* and cases cited; *Manufacturers' A. I. Co. v. Dorgan*, 58 Fed. 945, 954, 22 L. R. A. 620, 625; *Winspear v. Accident Ins. Co.* 6 Q. B. D. 42. And whether or not his death was accidental was a question of fact. Boyd, Workm. Comp. § 573; *McCloskey v. Kirk* (Pa.) 90 Atl. 73; 1 May, Ins. (4th ed.) § 325, cited with approval in *Johns v. Northwestern M. R. Asso.* 90 Wis. 332, 335, 63 N. W. 276. Under the circumstances of this case Hartmann was performing services incidental to and growing out of his employment. *Zabriskie v. Erie R. Co.* 85 N. J. Law, 157, 88 Atl. 824; *Elliott v. Rex*, 116 L. T. Jour. 314, 6 Workm. C. C. 27; *Lawless v. Wigan C. & I. Co.* 124 L. T. Jour. 532, 1 Butterworth's Workm. C. C. 153; *Bryant v. Fissell*, 84 N. J. Law, 72, 86 Atl. 458; *Clem v. Chalmers M. Co.* 178 Mich. 340, 144 N. W. 848, 850; *Rayner v. Sligh F. Co.* (Mich.) 146 N. W. 665; *Andrejwski v. Wolverine C. Co.* (Mich.) 148 N. W. 684; *Sadowski v. Thomas F. Co.* 157 Wis. 443, 449, 146 N. W. 770; *Milwaukee v. Miller*, 154 Wis. 652,

144 N. W. 188; *Terlecki v. Strauss,* 85 N. J. Law, 454, 89
Atl. 1023; *Blovelt v. Sawyer,* [1904] 1 K. B. 271, 6 Workm.
C. C. 16; *Earnshaw v. L. & Y. R. Co.* 115 L. T. Jour. 89, 5
Butterworth's Workm. C. C. 28; *Morris v. Lambeth B. Coun-
cil,* 22 T. L. Rep. 22, 8 Workm. C. C. 1; *Rowland v. Wright,*
24 T. L. Rep. 852, 1 Butterworth's Workm. C. C. 192;
Boyd, Workm. Comp. § 481; 1 Bradbury, Workm. Comp.
(2d ed.) 444–448, 450, 451.

   *Michael Levin,* for the appellant *Barbara Hartmann,* to
the point that the finding that Hartmann's death was proxi-
mately caused by accident and not by wilful misconduct is
warranted by the evidence, cited *Peterson v. Time Ind. Co.*
152 Wis. 562, 140 N. W. 286; *Schneider v. Provident L.
Ins. Co.* 24 Wis. 28, 29, 31; Black, Law Dict. "Accident;"
*Bryant v. Fissell,* 84 N. J. Law, 72, 86 Atl. 458; *Boody v.
K. & C. M. Co.* (N. H.) 90 Atl. 859; *DeFazio's Estate v.
Goldschmidt D. Co.* (N. J.) 88 Atl. 705; *Losh v. Evans &
Co.* 19 L. T. Rep. 142, 5 Workm. C. C. 17; *Astley v. R.
Evans & Co.* [1911] 1 K. B. 1036, 4 Butterworth's Workm.
C. C. 209; *Grant v. G. & S. W. R. Co.* 45 Scot. Law Rep.
128, 1 Butterworth's Workm. C. C. 17; *Fennah v. M. & G.
W. R'y,* 45 Irish L. T. 192, 4 Butterworth's Workm. C. C.
440; *Mitchell v. Glamorgan C. Co.* 23 T. L. Rep. 588, 9
Workm. C. C. 16; *Lee v. Stag Line,* 56 Sol. Jour. 720, 5 But-
terworth's Workm. C. C. 660; *Devan v. Commercial T. M.
A. Asso.* 157 N. Y. 690, 51 N. E. 1090; *Knickerbocker Cas.
Ins. Co. v. Jordan,* 7 Weekly Bul. 71, 10 Am. Law Rep. 695;
*Peele v. Provident F. Soc.* 147 Ind. 543, 44 N. E. 661, 46 N.
E. 990; *U. S. M. A. Asso. v. Hubbell,* 56 Ohio St. 516, 47
N. E. 544, 40 L. R. A. 453; *Geoghegan v. Atlas S. S. Co.*
146 N. Y. 369, 40 N. E. 507. He also cited, to the point
that Hartmann was performing services growing out of and
incidental to his employment, *Milwaukee v. Althoff,* 156 Wis.
68, 145 N. W. 238; *Neice v. Farmers' C. C. & S. Co.* 90
Neb. 470, 133 N. W. 878; *Bryant v. Fissell,* 84 N. J. Law,

640     SUPREME COURT OF WISCONSIN.     [Feb.

Milwaukee Western F. Co. v. Industrial Commission, 159 Wis. 635.

72, 86 Atl. 458; *Moore v. Manchester Liners,* [1910] App. Cas. 498, 500, 507.

For the respondent there was a brief by *Doe, Ballhorn & Willkie,* and oral argument by *J. B. Doe.* They contended, *inter alia,* that it is essential under the statute that the applicant for compensation *prove* that the death of Hartmann was *proximately* caused by accident. If "proximately" is construed in its ordinary legal meaning, it is necessary that the applicant prove that the death was caused by an accident due to negligence on the part of the employer and that it was the natural and probable result of such negligence. There is no evidence in the case to support a finding that Hartmann was accidentally drowned, or that when the occurrence happened he was engaged in performing service growing out of and incidental to his employment. They cited, among other cases, *Hansen v. Milwaukee C. & G. Co.* 155 Wis. 235, 144 N. W. 289; *Craske v. Wigan,* 101 L. T. Rep. 6, 25 T. L. Rep. 632, 2 Butterworth's Workm. C. C. 35; *Amys v. Barton,* 105 L. T. Rep. 619, 28 T. L. Rep. 29, 5 Butterworth's Workm. C. C. 117; *Rodger v. Paisley S. Board,* 49 Scot. Law Rep. 413, 5 Butterworth's Workm. C. C. 547; *Brice v. Lloyd,* 101 L. T. Rep. 482, 25 T. L. Rep. 759, 2 Butterworth's Workm. C. C. 26; *Smith v. L. & Y. R. Co.* 79 L. T. Rep. 633, 15 T. L. Rep. 64, 1 Workm. C. C. 1; *Henry Steers, Inc. v. Dunnewald,* 85 N. J. Law, 449, 89 Atl. 1007.

SIEBECKER, J. The contention that the parties were not subject to the Workmen's Compensation Act must fail. The record contains a copy of plaintiff's notice to the *Industrial Commission* dated November 30, 1912, accepting the provisions of the act. The record also discloses that the plaintiff took part in the proceedings before the *Commission* without claiming exemption. It seems that plaintiff throughout the hearing acted upon the fact that it was subject to this law. We see no force in the claim that the *Commission* had

no grounds for concluding that the parties before it had not accepted the provisions of the Compensation Act and that it did not appear that the *Commission* had jurisdiction in the matter.

It is contended that the record does not sustain the *Commission's* finding: "That at the time of said accident resulting in the death of said George Hartmann by drowning, said George Hartmann was performing services growing out of and incidental to his employment." *Henry Steers, Inc. v. Dunnewald,* 85 N. J. Law, 449, 89 Atl. 1007. The circuit court did not reverse this finding for want of any evidence to sustain it. Sec. 2394—19, Stats. 1913, provides:

"The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; and the order or award . . . shall be subject to review only . . ." by action against the commission in the Dane county circuit court.

"Upon such hearing, the court may confirm or set aside such order or award; and any judgment which may theretofore have been rendered thereon; but the same shall be set aside only on the following grounds:

"(1) That the commission acted without or in excess of its powers.

"(2) That the order or award was procured by fraud.

"(3) That the findings of fact by the commission do not support the order or award."

In the case of *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209, the court, in speaking of the effect of the *Commission* findings of facts, stated:

"We regard the expression 'without or in excess of its powers' as substantially the equivalent, or at least as inclusive, of the expression, 'without or in excess of its jurisdiction,' as those words are used in *certiorari* actions to review the decisions of administrative officers or bodies."

In *International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53, the *Borgnis* and other cases are referred to as

illustrative of the interpretation this court has given this part of the act and that the rule governing courts in *certiorari* cases is controlling here, and it is further declared:

"The rule in *certiorari* cases is that, if in any reasonable view of the evidence it will support the conclusion arrived at, such conclusion will not be disturbed for want of support in the evidence. If, however, the finding has no support in the testimony, there was no jurisdiction to make it [citing]." *Hoenig v. Industrial Comm., post,* p. 646, 150 N. W. 996.

Testing the instant case under this rule we are of the opinion that the facts warrant the inference that Hartmann on the day of his drowning went to his employment as usual and performed his services until the forenoon lunching hour and then partook of a lunch on the premises, as was customary in the conduct of plaintiff's business, that he walked from his lunching place to the margin of the river and thence along a passageway between plaintiff's building and the river's edge, going toward a toilet which was for use by employees, and that he accidentally fell into the water before he arrived at the toilet. All the circumstances and facts tend to show that up to this time he expected to resume his work when lunching time had expired, and hence he was within the scope of his service when walking at this place. The *Commission* believed that Hartmann was on his way to this toilet. This seems to us a natural and reasonable inference. This, under the evidence, can be reasonably denied only if it appears that he had in fact left his employment when he went to this place with the intent to commit suicide by drowning in the river. It follows that this finding of the *Commission* is supported by the evidence unless it is shown that he had left his service in going from where he lunched to the place from which he was precipitated into the water, with the intent to commit suicide by drowning. This presents the inquiry, Is the *Commission's* finding "that the death of said George Hartmann was proximately caused by accident and was not caused by wilful

9] JANUARY TERM, 1915. 643

Milwaukee Western F. Co. v. Industrial Commission, 159 Wis. 635.

misconduct," without support in the evidence, as determined by the circuit court? The *Commission* in a memorandum attached to the award made a full and fair statement of the evidentiary facts of the case forming the basis for their inference that Hartmann came to his death by accident and that it was not caused by his wilful misconduct in jumping into the water with intent of committing suicide, as claimed by the plaintiff. The *Commission* observes that, leaving his mental condition out of consideration, all the other facts tend to support and show convincingly that his death was purely accidental, and that "there is nothing in the evidence that points to suicide unless it be that he was suffering mentally, but to our minds the result of his mental suffering is equally as consistent with accident as with suicide. He had no suicidal mania. He simply appeared worried and melancholy over what seemed to him to be persecution on the part of his associates." It is also noteworthy that his mental state in no way interfered with his ability to perform his daily tasks as well as before, nor appeared seriously to disturb him in his family or his business relations. The *Commission* state that they acted upon the rule of law, "Where death occurs under such circumstances that it may or may not have been caused by suicide it will be presumed to have been unintentional." They then follow this by stating in substance and effect that, regardless of this presumption, by the facts and circumstances of the case they "are forced to the conclusion that Hartmann came to his death by accident." We refer to the *Commission* report and its action in the case to this extent to show on what basis therein determination of the question rested, and we do not consider further elaboration of this phase of the case is required. Their inferences from the evidentiary facts are logical and harmonize with reason in the light of common knowledge and experience in daily affairs. In the field of inferences from evidentiary facts their action is final and controlling under the authority conferred upon them by law, un-

less it appears that there is no reasonable basis for their conclusions under the facts and circumstances before them and thus rendering their action without or in excess of their powers.

The trial court approached the case from the viewpoint stated in its decision:

"The evidence in the case is as equally consistent with death by suicide as by accident. There is no direct evidence that the deceased fell into the water by accident. His conduct in the water as well as his mental disturbances before his death are more consistent with suicide than with accident. The *Commission* seems to base its finding upon the presumption against suicide. A presumption is not evidence. It is only the result of or inference from evidence. When the evidence is not consistent with the presumption it has no force in the case."

We are persuaded that the court erred in its final conclusion in reversing the *Commission* in two respects. First, in its finding of fact that there was no evidence sustaining the *Commission's* finding that Hartmann's death was proximately caused by accident and was not caused by wilful misconduct. We have heretofore adverted to this question and we are persuaded that there is evidence sustaining the *Commission's* finding thereon, and hence it was error for the court to disturb it. Secondly, the court, as we understand its opinion, held that the *Commission* erred by giving effect to the presumption against suicide in arriving at its conclusion. The court declared: "When the evidence is not consistent with the presumption it has no force in the case." We are led to believe that this is error and that it misled the court, for it states, "the evidence in the case is equally consistent with death by suicide as by accident." If this view of the evidence in the case were correct, then by necessary implication there is some evidence to sustain the *Commission* and its finding must stand. But has the presumption against suicide no force in the case when the evidence is not consistent with it? The presumption has the usual legal effect

given to presumptions, namely, of calling for proof of the fact which it negatives; that is what is meant when the courts say, as this court said in *Sorenson v. Menasha P. & P. Co.* 56 Wis. 338, 342, 14 N. W. 446:

"The presumption . . . that the deceased committed *suicide,* cannot be indulged in as a mere presumption, without any fact or circumstance upon which it can be logically predicated; for the presumption of the law is in favor of life, and the natural desire and struggle to preserve rather than to destroy it. The presumption is that he [plaintiff's intestate] fell into the hole accidentally, and perhaps carelessly."

These observations were applied in a case brought to recover for the negligent killing of a person while in the employ of the defendant, where there was no direct evidence to show the proximate cause of death. To the same effect is the presumption against suicide in insurance cases, namely, it calls for proof of the fact of suicide, which it negatives. This is because, as stated in the *Sorenson Case,* in human experience it is the common desire and effort to preserve life rather than destroy it, and hence the law, where a person is found dead, imputes to the circumstances the *prima facie* significance that death was caused by accident rather than suicide, and that presumption persists in its legal force to negative the fact of suicide until overcome by evidence. This rule was approved in *Johns v. Northwestern M. R. Asso.* 90 Wis. 332, 63 N. W. 276. The court there states:

"Counsel for the plaintiff is undoubtedly correct in contending that 'when the dead body of the insured is found under circumstances, and with such injuries, that the death may have resulted from negligence, accident, or suicide, the presumption is against suicide, as contrary to the general conduct of mankind.' May, Ins. § 325. Whether the death is accidental or intentional, whenever there is any evidence bearing upon the point, is a question of fact for the jury or court. *Ibid.* It is only essential that the evidence preponderates against the presumption of accident."

See, also, *Krogh v. Modern Brotherhood,* 153 Wis. 397,

141 N. W. 276, and cases cited.  It is manifest that the circuit court erred in holding that there is no evidence in the record which sustains the finding of the *Commission* upon either of the questions of fact embraced in the *Commission's* findings to justify the award made.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded to the circuit court with directions to enter a judgment affirming the award of the *Industrial Commission.*  No costs will be allowed in this court, except that the respondent pay the clerk's fees.

Marshall, J., dissents.