HEILEMAN BREWING COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*April 16—May 4, 1915.*

*Workmen's compensation: Findings of fact, when conclusive: Cause of death.*

1. An award of compensation by the industrial commission will be reversed on the ground of insufficiency of evidence only when there was no evidence tending to support it.
2. A finding by the industrial commission that the miliary tuberculosis from which an employee died on June 16, 1914, was proximately caused by an explosion of gas by which he was injured on February 7, 1914, is *held* to have been warranted by the evidence.

APPEAL from a judgment of the circuit court for Dane county: CHESTER A. FOWLER, Judge.   *Affirmed.*

Petition by *Rosa Schultz,* before the *Industrial Commission of Wisconsin,* for an award of compensation, against the *Heileman Brewing Company,* for the death of her husband, F. J. Schultz, while in the employ of the *Brewing Company.*

The *Commission* made an award in favor of the petitioner and the *Brewing Company* appealed to the circuit court, which court confirmed the award of the *Commission*.

The deceased, F. J. Schultz, was employed by the *Heileman Brewing Company* of La Crosse, Wisconsin. At the time of the injury upon which is based the claim here involved, Schultz was about to engage in varnishing a so-called drum in the cellar of the *Brewing Company*. It was the custom to have the drum warm when varnished. When Schultz started work in the morning he opened the drum and undertook to light a gas jet or lamp which was used for this purpose and an explosion of gas occurred which caused first-degree burns on his face and hands and singed his eyebrows. Evidently there had been a leakage of gas into the drum during the night. This accident took place upon the 7th day of February, 1914. Immediately after being so injured a physician was called and Schultz was treated for three or four days, and after such treatments he was advised by the physician that he could return to work. His wife testifies that he complained from the time of the injury that his throat hurt him when he swallowed and for that reason he refused to drink his beer at the brewery. On March 16th he called the same physician that had treated him for the burns and complained of stomach trouble and the physician found him in a rundown condition and prescribed for him. On April 6th or 8th he called upon another physician, who diagnosed his case as one of miliary tuberculosis. At this time he was suffering from pains in his chest and he said that he had suffered ever since the explosion of the gas. He died on June 16th from miliary tuberculosis. Physicians testified that the inhalation of the gas fumes would furnish an opportunity, if the infection existed in a latent condition at the time, for the latent condition to be kindled into an active condition; and that if the infection was not existent the inhalation of gas would bring about destruction of air cells in the lungs and would lower his vi-

tality and make the person more susceptible to such infection; that the usual time for the course of miliary tuberculosis was from four to six weeks, but that it might continue for a period of three or four months. Testimony was given showing that Schultz was a seemingly strong and healthy man before the injury here complained of, except for a little foot trouble sometime in the past.

The *Industrial Commission of Wisconsin,* after hearing the testimony, found "that the miliary tuberculosis from which deceased died was proximately caused by the accidental explosion of gas . . . while the deceased was in the performance of his duties," and awarded compensation to the defendant *Rosa Schultz* amounting to $3,000, to be paid in monthly instalments.

Upon appeal to the circuit court the award of the *Commission* was affirmed and judgment entered accordingly. This is an appeal from such judgment.

*Robert R. Freeman,* attorney, and *Timothy Brown,* of counsel, for the appellant.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Rosa Schultz* there was a brief by *W. F. & A. C. Wolfe,* and oral argument by *A. C. Wolfe.*

SIEBECKER, J. The judgment must be affirmed. Giving the weight to the award of the *Industrial Commission* required by the law (*Milwaukee W. F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247), the circuit court properly affirmed it. Under the law the court can reverse an award on the ground of insufficiency of evidence, only when there is no evidence before the *Commission* tending to support it. The evidence of *Mrs. Schultz* and other witnesses, of decedent's condition of health after injury, the fact of his

state of health before injury, in connection with the opinion evidence of doctors qualified to speak on the subject, furnishes a sufficient basis of fact to warrant the commissioners' conclusion that miliary tuberculosis from which decedent died was proximately caused by the gas explosion.

*By the Court.*—Judgment affirmed.