BEKKEDAL LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 7—December 3, 1918.*

*Workmen's compensation: Performing services growing out of and incidental to his employment: Death from dynamite explosion: Presumption against suicide.*

Where the foreman of a crew engaged in constructing a logging road and dynamiting stumps therein was instantly killed during the noon hour, while the other men were at dinner, by an explosion of dynamite under circumstances indicating that he may have been attempting to blow up a small tree or a partly blasted stump which had been left in the roadway, a finding by the industrial commission that he was at the time performing service growing out of and incidental to his employment is *held* to have been warranted. The presumption against suicide was properly applied.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

George S. Perry, husband of respondent and claimant *Victoria M. Perry,* was killed December 3, 1915. He was then employed by appellant as foreman in charge of a logging crew, some of whom, under his direction, were on that day at work constructing a logging road. In such work another employee of appellant named Boritz, an expert in the use of dynamite, had charge of the work of exploding stumps within such new road and under the supervision of the deceased. Perry had had some former slight experience in handling and knew of the method of the use of such explosive in that kind of work. On the day in question all the men working there, except the deceased, left the place at which the work was being done, for the noon hour. Before leaving Boritz left a small quantity of dynamite and some fuses near a tree just outside of the road and at some thirty or forty paces back of the place where the explosive had been used during the forenoon. On the return of the men from dinner they found the body of the deceased lying at the foot of a small tree or sapling in about the center of the road and about twenty feet away from and nearly opposite the tree where the dynamite had been left. He had evidently been instantly killed from the effect of an explosion of dynamite which caused an injury to the top and front part of his skull and to the thumb and some of the fingers of one hand. Small fragments of the cap which he wore appeared to have been imbedded in the sapling near which his body was found and at a height of about three feet from the ground. Some ten or twelve feet back from the sapling and in the roadway was a stump which had been partially exploded and portions of which were still to be removed. There was nothing to indicate that any of the necessary preparations had been made by Perry to explode the small tree or sapling near which his body was found, nor anything else in that vicinity, and the testimony indicated that it was

neither customary nor necessary to remove such small sized trees or such partially exploded stumps by the use of explosives. The exploding cap used by Perry must have been obtained by him at some other time than at this noon hour, as there were none such left by Boritz with the dynamite and fuse.

The plaintiff conceded that it did not claim that the facts disclosed as to this death were, such that the *Commission* ought to find that the death was by suicide and the injuries, therefore, intentionally self-inflicted, but insisted that the burden was upon the claimant to show that the accident occurred while performing services in the course of the employment.

The *Commission* found that the deceased, while in the employment of the appellant, sustained a fatal accident from which death resulted immediately and while he was engaged in performing service growing out of and incidental to such employment; and in its decision accompanying the award said:

"As indicating accident, it must be kept in mind that the use of dynamite for blasting purposes is attended with real hazard. There was a tree and one or more scattering stumps very near the place where the body was found. There was good reason for blowing these out while the men were at dinner, or at least away from the premises. This tree and the stumps were quite near the place where the men were grading, while the principal blasting operations were being carried on at the head of the course and away from the major portion of the crew. We think the facts indicate that he remained at the place after the crew went to dinner in order to clear away the tree or stumps, or both, that were soon to interfere with the progress of the grading, and that in pursuing this work he met his death."

The court below in the action brought to review such finding sustained the award of the *Commission,* and this appeal was taken from the judgment entered in accordance therewith.

. For the appellant there was a brief by *Brown, Pradt &*
*Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent *Industrial Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,* as-
sistant attorney general, and oral argument by *Mr. Gilman.*

ESCHWEILER, J.   The appellant contends that the facts
in the record before the *Commission* were not such as to
warrant the inference arrived at by the *Commission* that
Perry's death occurred while he was in the performance of
his duty and in the master's employment, and that such con-
clusion must have been based upon mere conjecture, and that
therefore the claimant had not met the burden of proof im-
posed upon her under the law.

It is also contended that there was no evidence showing
that there was any reason for blowing up the tree near
which Perry was found dead or that there was any further
work of blasting required for the stump already partly
blasted, which was near where his body was found, and that
there was no foundation for the suggestion by the *Com-
mission* in their finding that Perry remained at the place
after the crew went to dinner in order to clear away the
tree or stumps, and that therefore there was a total absence
of evidence upon which might be predicated a finding that
Perry met his death while within the scope of his employ-
ment.

It is undoubtedly the rule of law in this state that find-
ings of the *Industrial Commission* must be supported by evi-
dence and not based upon mere conjecture. *Voelz v. Indus-
trial Comm.* 161 Wis. 240, 152 N. W. 830.

The situation here was one clearly requiring the *Commis-
sion* to apply the well recognized presumption against sui-
cide in such cases of accidental death. *Milwaukee W. F. Co.
v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998. With
that presumption, therefore, and the facts disclosed in the
testimony of Perry's employment as foreman in charge of

the construction of this road; that explosives were properly used in such work and under his direction; the partially exploded stump left in the road, or even the sapling near which he was found, upon either of which Perry might have been contemplating the use of dynamite, even though such use might not have been in accordance with the customary or economical way of constructing such a road, all presented a situation from which the conclusion might have been reasonably and properly drawn that whatever Perry was then doing was within what he then thought was his duty, rather than the conclusion that it was an intentionally self-inflicted injury. Within the broad field intended to be covered by our compensation act, we think the conclusion arrived at by the *Commission* was within their discretion.

The result arrived at in this case is in harmony with such cases as *Heileman B. Co. v. Shaw,* 161 Wis. 443, 154 N. W. 631, where the injured body of the brewery workman was found in the building where he was employed with no evidence as to how he met his death; *Haller v. Lansing,* 195 Mich. 753, 162 N. W. 335, where the workman was injured by gasoline explosion in a tool shed where he was lighting his pipe after eating his lunch; *State ex rel. Duluth B. & M. Co. v. District Court,* 129 Minn. 176, 151 N. W. 912, where the employee was injured by the explosion of a cartridge shell supposed by him to be empty and which he was fashioning into a key for his own convenience in doing his work.

We see a substantial difference between the facts in this case and those in the case relied upon by appellant (*Savage's Case,* 222 Mass. 205, 110 N. E. 283), where a foundry employee was killed on the main track of the railroad eight feet away from the place where he had been at work on a spur track unloading pig iron for the foundry, where no reason was shown for his leaving the place of his employment to go upon the railroad, for here the deceased was on a road which was being constructed under his direction and where

his employment required him to be and while handling material which was used in construction work and under his control.

*By the Court.*—Judgment affirmed, with costs against the appellant.

OWEN, J., took no part.