SIMMONS COMPANY, Appellant, vs. INDUSTRIAL COMMIS-
SION and another, Respondents.

*April 11—May 9, 1933.*

446

For the appellant there was a brief by *Randall, Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *Roy S. Stephenson.*

The *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the respondent Industrial Commission.

*Geo. W. Taylor* of Kenosha, for the respondent Agnes Taleronik.

FOWLER, J.   The plaintiff claims the award was erroneous because the evidence before the commission establishes that (1) the employee's injuries were self-inflicted—in other

words, the employee committed suicide; because (2) the employee was not "performing service growing out of and incidental to his employment" when at the elevator shaft down which he fell; and that (3) if an award was proper it should have been reduced fifteen per cent. under sec. 102.58, Stats.

(1) The statute imposing the conditions of liability for workmen's compensation provides that compensation shall not be allowed "where the injury is self-inflicted." The inference that Taleronik's death was "self-inflicted" could only arise if suicide were inferred. We perceive nothing in the evidence to compel the inference that he committed suicide. It is elementary that there is a strong presumption against suicide. This presumption applies in industrial accident cases as well as others. *Menasha Woodenware Co. v. Industrial Comm.* 187 Wis. 21, 203 N. W. 906; *Fehrer v. Midland Cas. Co.* 179 Wis. 431, 190 N. W. 910; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Bekkedal L. Co. v. Industrial Comm.* 168 Wis. 230, 169 N. W. 561. The burden was on the plaintiff to overcome the presumption and to establish suicide. The commission found that the presumption was not overcome and their finding of fact must, under sec. 102.23, Stats., which makes their findings of fact conclusive in the absence of fraud, be upheld unless the evidence before them permits of no such inference. We cannot say that their inference is not permissible. While it is not necessary in order to support their inference that the employee's presence at the elevator shaft be definitely accounted for, it appears more likely that he went there to solicit a ride in the elevator to the floor above for the purpose of going to the toilet there located or to some other floor for some undisclosed purpose, than that he went there for the purpose of committing suicide. The mind revolts from a conclusion of suicide in the absence of direct

evidence of intention to commit it or circumstances pointing inevitably to such an intention. Neither is here present.

(2) Sec. 102.03 (1) (b), Stats., provides that "every employee going to and from his employment in the ordinary and usual way, while on the premises of his employer, shall be deemed to be performing service growing out of and incidental to his employment." Taleronik was on his employer's premises when he checked in, and he started in the usual and customary way for his place of employment when he went to the third floor of the building in which he was injured. It is true that when he reached the third floor of the building he deviated from a straight line from the stair-head to the bridge leading to the connected building where the time-clock was located. But when at the pile of felt he may have been examining it for some purpose connected with his work. And if he went to the elevator for some such purpose as above suggested, this would not remove him from the performance of service growing out of and incidental to his employment. Nor would slight deviation from the direct line so remove him. Under the statute he had begun service when he checked in. Continuance in it is presumed to continue when once shown in absence of evidence showing the contrary. *Tewes v. Industrial Comm.* 194 Wis. 489, 215 N. W. 898; *Racine County v. Industrial Comm.* 210 Wis. 315, 246 N. W. 303.

(3) That the award should have been reduced because the employee violated a rule of the employer respecting use of the elevator was not presented below and that would warrant our refusal to consider it here. *Derong v. Industrial Comm.* 209 Wis. 88, 244 N. W. 591, 592. However, the statute only provides for reduction in case of the "employee's wilful failure to obey any reasonable rule adopted by the employer for the safety of the employee." Sec. 102.58, Stats. "Wilful" in this statute has been defined to mean

"obstinacy, stubbornness, and perverseness." *Milwaukee Corrugating Co. v. Industrial Comm.* 197 Wis. 414, 420, 222 N. W. 251. The evidence does not disclose any such attitude on the part of the employee. Nor does it appear that the company's rule that "no one could operate an elevator except the elevator operator" was made for the safety of employees or that the deceased operated or was intending to operate the elevator. The most likely assumption is that he was intending to solicit the operator of the elevator to take him to some other floor.

*By the Court.*—The judgment of the circuit court is affirmed.