EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*June 4—June 20, 1940.*

For the appellants there was a brief by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *F. Halsey Kraege* and *Oscar T. Toebaas*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Kathryn Deluhery there was a brief by *Grady, Farnsworth & Walker,* and oral argument by *Dorothy Walker, Daniel H. Grady,* and *Thomas E. Fairchild,* all of Portage.

FAIRCHILD, J.   The relation of employer and employee existed between the hospital and the claimant.   Sec. 102.07 (4), Stats.   Her training, practical experience, and the advantages of the hospital school for nursing was in exchange for work done for the hospital by her.   The services she rendered were of value.   In the general economy of the hospital management the help of student nurses of which claimant was one was a factor of considerable moment.   But for their assistance much would have to be done by other and probably higher paid help.   This student nurse entered training in September, 1936.   In November of that year she was assigned to "floor duty."   This means doing such things in the hospital as giving baths to patients, serving meals, answering bells, cleaning, making beds, taking temperatures, and general nursing duties along with her class work.   The sister superior in charge of the school testified that in doing that work it was considered that the student was giving the hos-

pital some recompense for the instruction furnished. The course was not tuition free. The students were expected to return something in exchange for room and board. *Hewett v. Women's Hospital Aid Asso.* 73 N. H. 556, 64 Atl. 190; *Bernstein v. Beth Israel Hospital,* 236 N. Y. 268, 140 N. E. 694.

The claimant was injured while on her way to work in the ordinary and usual way, and while on the employer's premises. Sec. 102.03 (1) (c), Stats. She was called by the ringing of a bell in the hospital cottage used as a dormitory. She was required to be present at roll call in the hospital at 6:30 a. m. The accident occurred about fifteen minutes to six. The forty-five minutes between her start from the dormitory and the roll call was to be spent in attending Mass in the chapel in the hospital near where the roll call was to be held. The students were expected but not required to attend this Mass. The fact that this plan would bring her to the place of employment somewhat in advance of the time to take up her duties as an employee of the hospital did not of itself result in taking her out of the course of her employment. *Simmons Co. v. Industrial Comm.* 211 Wis. 445, 248 N. W. 443; *Continental Baking Co. v. Industrial Comm.* 222 Wis. 432, 267 N. W. 540. Her work was a controlling factor in the trip to the hospital. She would have passed over this same way which may fairly be said to have been indicated by the employer and to have been the ordinary and usual way for such help to come to the hospital. The same hazards then present would still be there a little later and encountered by her had she not been inclined to avail herself of the privilege offered by the employer of attending Mass. In fact she was expected by the employer to do just what she did. The time element referred to did not disturb the relation of the employee to the hospital or change her conduct from that of performing services for her employer incidental to her employment into a private purpose and a personal risk. Her

conduct that morning was in response to a call to duties requiring rising early and taking the course she did take to the place where she was to report for duty. *Matter of Marks v. Gray,* 251 N. Y. 90, 167 N. E. 181; *Barragar v. Industrial Comm.* 205 Wis. 550, 238 N. W. 368.

The evidence shows that claimant was proceeding in a manner which the employer accepted as ordinary and usual for the employee to come to work. No deviation had occurred up to the time of her injury. We do not say that had she been injured while taking part in the religious services, although invited to take such part by her employer, she then would have been injured in the course of her employment; but we do hold that at the time she was injured she was in the line of employment and is to be deemed to be performing services growing out of and incidental thereto.

*By the Court.*—Judgment affirmed, and cause remanded for further proceedings according to law.