Fairchild, J.
 

 1.
 
 Rebutting the presumption of legitimacy.
 
 The record contains substantial credible evidence tending to prove that Albert was the father of Gail and Susan. The testimony of their mother and the birth records have been mentioned, and the latter are made presumptive evidence by sec. 328.09 (1), Stats. See also sec. 327.18 (1). There was evidence tending to show that Albert considered himself the father. Lucy’s testimony as to his sending money and gifts of clothing has been mentioned; that he sent clothing at holidays and birthdays, and inclosed cards marked “Dad” was corroborated by Helen Zschock, the widow. She also testified that Albert told her that he had lived with Lucy, and that Gail and Susan were born during that time. Although his statements, as reported by her, did not flatly admit paternity, he expressed no reason to believe that the children were not his. She testified that he once received a notice from a Connecticut welfare agency, and she urged him to get the paternity question settled, “so he just wrote on the form, ‘no marital relationship.’ ” Apart from the questions arising from the fact that Lucy was married to another, the evidence would amply support a finding that Albert was the father.
 

 There was, however, no testimony in so many words that Lucy’s husband was entirely absent from her at all material times. The circuit court relied upon
 
 Estate of Lewis
 
 (1932), 207 Wis. 155, 159, 240 N. W. 818, and sec. 328.39 (1) (a), Stats. 1957, noted the possibility that Lucy might have visited Wickam in Connecticut, or that Wickam might have
 
 *235
 
 followed her to Pennsylvania or Wisconsin, and decided that the presumption of legitimacy could not be overcome without proof that this did not happen. Sec. 328.39 (1) (a), Stats. 1957, provided that a party asserting the illegitimacy of a child “shall have the burden of proving beyond all reasonable doubt that the husband was not the father of the child.” This section is expressly applicable to actions and proceedings before courts, but is not in terms made applicable to proceedings before the Industrial Commission. We note that it has been amended, effective January 1, 1960, so that the burden of proof in actions and proceedings in courts is now met by “a clear and satisfactory preponderance of the evidence.” Ch. 595, sec. 75, Laws of 1959.
 

 A court is authorized to set aside an award where the commission acted “in excess of its powers” and “the findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive.” Sec. 102.23, Stats. It is established that the commission acts in excess of its powers if it makes a finding of fact not supported by the evidence.
 
 M. & M. Realty Co. v. Industrial Comm.
 
 (1954), 267 Wis. 52, 64 N. W. (2d) 413.
 

 Recognized presumptions have been held to operate in fact finding by the commission. In cases where the evidence would permit, but not compel an inference that death was a suicide, it has been held that the commission acted within its powers in determining that the presumption against suicide was not overcome.
 
 Milwaukee Western Fuel Co. v. Industrial Comm.
 
 (1915), 159 Wis. 635, 150 N. W. 998;
 
 Bekkedal Lumber Co. v. Industrial Comm.
 
 (1918), 168 Wis. 230, 234, 169 N. W. 561;
 
 Menasha Woodenware Co. v. Industrial Comm.
 
 (1925), 187 Wis. 21, 24, 203 N. W. 906;
 
 Simmons Co. v. Industrial Comm.
 
 (1933), 211 Wis. 445, 448, 248 N. W. 443. Our attention has not been called to any case like the one now before us where a presumption
 
 *236
 
 of more than ordinary force was applicable, and the issue was whether the commission had properly determined that credible evidence had sufficient weight to rebut the presumption. We are of the opinion that in the absence of statute limiting the power of the commission in such a situation, the circuit court is not authorized to review the accuracy with which the commission weighs rebutting evidence against a strong presumption.
 

 2.
 
 Dependency.
 
 Plaintiff, Mrs. Zschock, also attacks the findings relating to dependency of Gail and Susan upon Albert. Sec. 102.51 (1), Stats., provides, in part:
 

 “The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee: ... a child under the age of eighteen years . . . upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent. . . . The charging of any portion of the support and maintenance of a child upon one of the parents, or any voluntary contribution toward the support of a child by a parent, or an obligation to support a child by a parent shall constitute a living with any such parent within the meaning of this section.”
 

 There is evidence to support the finding that Albert contributed to the support of Gail and Susan, although for three years before he died the contributions consisted only of clothing. Under the last sentence just quoted, this fact justifies a finding that they were living with him and to be conclusively presumed solely and wholly dependent. It is unnecessary to determine in this case whether the phrase “obligation to support a child” includes the obligation of a father to support an illegitimate child when the obligation has not been reduced to express terms by any adjudication or agreement.
 

 Plaintiff relies upon sec. 102.51 (2) (a), Stats., providing as follows:
 

 
 *237
 
 “No person shall be considered a dependent unless a member of the family or a spouse, or a divorced spouse who has not remarried, or lineal descendant or ancestor, or brother or sister of the deceased employee.”
 

 She argues that Gail and Susan were not living in the immediate household of the father and were not “a member of the family;” that they are not his lineal descendants because never acknowledged by him in the manner specified in sec. 237.06, Stats. She asserts that-there may be people who qualify under sub. (1) of sec. 102.51 for the conclusive presumption of dependency but who are excluded by sub. (2). We do not agree. It would appear that when the word “family” was used in sub. (2), it was intended that all children who would qualify under sub. (1) would be considered a part of the family, and when the legislature expanded the concept of “living with” in sub. (1) in favor of a child outside the immediate household, it did not intend that the benefit conferred should be destroyed by sub. (2) by considering that child excluded from the family. We conclude that sub. (2) was intended to limit the class of those who are not entitled to the conclusive presumption of dependency, but who otherwise establish dependency in fact. The result reached in
 
 Waunakee Canning Corp. v. Industrial Comm.
 
 (1955), 268 Wis. 518, 68 N. W. (2d) 25, is consistent with our present conclusion. Certain statements in that opinion, however, are in conflict therewith, and to that extent are withdrawn. We also note that the
 
 Waunakee Case
 
 was decided under the 1945 statutes, and the last sentence of sec. 102.51 (1) then read:
 

 “In case of divorce the charging of any portion of the support and maintenance of a child upon one of the divorced parents, or any voluntary contribution toward the support of a child by such divorced parent, or an obligation to support a child by such divorced parent shall be held to constitute a living with the parent so charged.”
 

 
 *238
 
 The last sentence was amended into its present form by ch. 382, sec. 18, Laws of 1951, and is no longer limited to children separated from a parent by reason of divorce.
 

 By the Court.
 
 — Judgment reversed; cause remanded with directions to confirm the award of the commission.