MILWAUKEE COKE & GAS COMPANY, Appellant, vs. INDUS-TRIAL COMMISSION and another, Respondents.

*February 12—March 2, 1915.*

*Workmen's compensation: Hazard incident to employment: Cause of death: Indemnity for temporary disability: Payment: Release of other claims: Consideration: Separate claim for subsequent death: Findings of fact, when conclusive.*

1. Where the engineer of a switch engine, upon being relieved, remained in the cab of the engine as it moved backward toward the office and, while standing on a metal apron between the engine and tender, fell because such apron was smooth and slippery, his fall was the result of a hazard incident to his employment and was an industrial accident for which indemnity might be recovered under the Workmen's Compensation Act.

2. A finding by the industrial commission that the death of the engineer was proximately caused by such fall is *held* not to be unsupported by evidence, although the death occurred about nine months after the accident.

3. Mere payment of the amount allowed by the law as indemnity for an accidental injury, where there is no controversy or dispute as to the liability of the employer therefor, is nothing more than the discharge of a debt and is no consideration for the release of any other claim.

4. When an employee with dependents is injured by accident and temporarily disabled for a period exceeding a week and subsequently dies as the result of his injuries, there are, under the Workmen's Compensation Act, two distinct claims for indemnity: one by the employee himself for his temporary disablement, and the other by the dependents for the death, neither of which claims can be discharged by the owner of the other.

5. If there is any substantial, credible evidence supporting the findings of fact of the industrial commission, the courts cannot interfere.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to set aside an award of the *Industrial Commission* requiring the appellant company to pay to *Pauline Dixon* $3,000 on account of the death of her husband, Thomas Dixon, caused by accident while in the employ of the appellant company. The circuit court affirmed the award, and the plaintiff company appeals.

The facts are that Dixon, on March 23, 1912, was working for the plaintiff in its yards at Milwaukee as an engineer on a switch engine. He was working on the night shift and was relieved at about 7 o'clock a. m. by another engineer. He remained in the cab of the engine while the same was moving backward towards the office, and was standing on a sort of an apron of metal between the engine and the tender. This apron was smooth and was not rigid, but moved as the engine passed over the rails. While so standing Dixon fell and for a time after the fall was unconscious. He was removed to the office and afterwards to his home, where he had two spasms or convulsions. Physicians were called who diagnosed the case as one of concussion of the brain. After ten days he had recovered sufficiently to go back to work, and he continued until June 30th, when he ceased to work for the plaintiff company.

After this he was idle for a month and then obtained work for another company. In October while walking along the street he became ill and relapsed into partial unconsciousness, but soon recovered. In November he suffered from two attacks which resulted in convulsions. December 15th he and his wife went to consult Dr. Witte, and while in the doctor's office he had a convulsion which was succeeded by others and he died in about two hours. An autopsy disclosed the fact that the deceased had chronic Bright's disease, that there was a cyst over the motor area of the brain about one centimeter in diameter, and that the immediate cause of death was a hemorrhage of the brain. There was considerable testimony to the effect that Dixon had never had convulsions of any kind prior to the day of the fall in the switch engine. The appellant company claimed that there was no competent evidence to support the finding that Dixon's death was the proximate result of the fall, that the *Commission's* findings to that effect were based on mere conjecture, that the evidence in fact demonstrated that his fall was caused by a convulsive seizure resulting from some disease, and that in any event Dixon's death was not the result of an accident within the meaning of the Workmen's Compensation Act. The *Commission* found in effect that Dixon accidentally fell and suffered a concussion of the brain by hitting his head against a metal pipe, and that the convulsions proximately resulted therefrom and caused the hemorrhage which was the immediate cause of death.

It further appeared that when Dixon returned to work he was paid $1.56 for his temporary disability and gave a receipt in which he released the company from all claims which he had under the Workmen's Compensation Act for the injuries sustained by him on the 23d of March. A copy of this release was filed with the *Industrial Commission* and approved. He had lost eight days' time, and the sum which he received was the exact amount to which he was entitled under sub. 2 of sec. 2394—9, Stats., for the one day more than a

250    SUPREME COURT OF WISCONSIN.    [MAR.

Milwaukee Coke & Gas Co. v. Industrial Commission, 160 Wis. 247.

week which he had lost.    The *Commission* did not consider that this release in any way affected the widow's claim.

*Edw. G. Wilmer,* for the appellant.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.* They argued, among other things, that there was sufficient evidence to justify the *Commission* in inferring that the injury was caused by an accidental fall, a slipping on the apron of the engine.    Even if the fall was caused by an epileptic fit or a convulsion, the *Commission* would have been justified in finding that it was accidental.    Harper, Workm. Comp. §§ 22–30 ; Dawbarn, Employers' L. & W. Comp. 99, 100 ; *Wilkes v. Dowell & Co.* 74 L. J. K. B. 572, 573, 574 ; *Trodden v. J. McLennard & Sons,* 4 Butterworth's Workm. C. C. 190 ; *Winspear v. Acc. Ins. Co.* L. R. 6 Q. B. D. 42, 44, 45 ; *Lawrence v. Acc. Ins. Co.* 7 Q. B. D. 216 ; *Reynolds v. Acc. Ins. Co.* 22 L. T. Rep. 820 ; *Meyer v. Fidelity & C. Co.* 96 Iowa, 378, 65 N. W. 328, 59 Am. St. Rep. 374 ; *Manufacturers A. I. Co. v. Dorgan,* 58 Fed. 945.

For the respondent *Dixon* there was a brief by *William L. Tibbs,* attorney, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Tibbs.*

WINSLOW, C. J.    In this case it is held:

1. If the deceased fell because the apron was smooth and unsteady, then his fall was clearly the result of a hazard incident to his employment and was an industrial accident for which indemnity may be recovered under the provisions of the Workmen's Compensation Act.    *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996.

2. The payment of $1.56 to the deceased for the one day's work lost by reason of his disability and the execution by him of a release by which he released the company from all claims "which I may have" under the Compensation Act does not af-

fect the claim of the widow for two reasons: *first,* because there was apparently no controversy or dispute as to the liability of the company for one day's disability, hence the mere payment of the amount allowed by the law as indemnity for that day amounted to nothing more than the discharge of a debt and there was no consideration paid by the company for the release of any other claim; *second,* because, when an employee with dependents is injured by accident and temporarily disabled for a period exceeding a week and subsequently dies as the result of his injuries, the Workmen's Compensation Act undoubtedly contemplates the existence of two distinct claims for indemnity: one by the employee himself, for his temporary disablement, and one by the dependents for the death, neither of which claims can be discharged by the owner of the other claim.   This clearly appears from the provisions of par. (a) and (b) of sub. (3) of sec. 2394—9, Stats., which, in fixing the amount to be paid to dependents, provide for the deduction of the disability indemnity already paid or due to the employee at the time of his death; also from sub. 6 of sec. 2394—10, Stats., which provides that no dependent shall, during the lifetime of the employee, be a party in interest to a proceeding by such employee for compensation nor to the compromise thereof by the employee.   All this is in strict analogy with the law relating to injuries and death caused by negligence in cases not within the provisions of the Workmen's Compensation Act.   *Brown v. C. & N. W.`R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771; *Nemecek v. Filer & S. Co.* 126 Wis. 71, 105 N. W. 225.

3. There is evidence in the case which supports the findings of fact made by the *Commission,* hence it cannot be said that the board acted without or in excess of its powers, even though this court, if trying the fact, might reach a different conclusion.   If there is any substantial, credible evidence supporting the findings of the *Commission,* the courts cannot interfere.   *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209;

*Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis.
635, 150 N. W. 998; *Milwaukee v. Industrial Comm., ante,*
p. 238, 151 N. W. 247.

It is not to be assumed from the brevity with which the last
proposition is stated that the facts in evidence which support
the appellant's contentions have not been carefully examined.
It is not improper to say that if we were the judges of the
facts we should reach a different conclusion from that reached
by the *Commission;* but we do not judge the facts; we must
affirm unless we can say that there was no substantial, credible
evidence in support of the *Commission's* findings, and this we
cannot say.

*By the Court.*—Judgment affirmed.