GOLDSTEIN v. CENTRE IRON WORKS et al.   (No. 56/32.)

(Supreme Court, Appellate Division, Third Department.   May 5, 1915.)

MASTER AND SERVANT ⬅250¾, New, vol. 16 Key-No. Series—ACTION FOR
    INJURY—FINDING OF COMMISSION—CONCLUSIVENESS—"DECISION OF A
    QUESTION OF FACT."
        On application for an award of compensation for injury to an employé
    engaged in iron work, within the Workmen's Compensation Law (Consol.
    Laws, c. 67) § 2, group 21, the state Workmen's Compensation Commission's
    award, after examination of the claimant as to his injury and the hearing
    of expert testimony to the contrary, was a "decision of a question of
    fact," which, by section 20 is not reviewable by the Appellate Division.

Appeal from Workmen's Compensation Commission.

In the matter of the claim of Morris Goldstein against the Centre
Iron Works, employer, and Ætna Life Insurance Company, insurer.
From the determination of the State Workmen's Compensation Com-
mission, claimant appeals.   Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

James B. Henney, of New York City (Henry Ginnane, of New York
City, of counsel), for appellant Ætna Life Ins. Co.

E. C. Aiken, of Albany, Attorney General.

Jeremiah F. Connor, of New York City, for Workmen's Compensa-
tion Commission.

JOHN M. KELLOGG, J.   The Commission finds as a matter of
fact that the claimant was disabled for the time allowed.   The only
question raised by appellants is that the evidence does not sustain that
finding.

The claimant was injured July 8th, and the Commission, October
19th, awarded him compensation for three weeks at $7.69 a week; the
total allowance being $23.07, the employment falling under group 21
of section 2 of the Workmen's Compensation Law.   On November
2, 1914, the matter again came before the Commission, and an award
was made of 11 additional weeks at the same rate per week from
August 12, 1914, to October 27, 1914.

Upon the first hearing, the evidence of the physicians indicated that
he was not injured as much as he thought he was.   After the award he
returned to the foundry, and, entering the dark room, as he claims, was
unable to see.   There seemed a smoke over his eye to such an extent that
he could not work.   He appeared personally before the Commission.
The appellants claim that the evidence of the physicians upon the first
hearing showed clearly that the injury was only temporary, and that
his story upon the second hearing was not true.   That was a question
of fact for the Commission to determine.   Section 20 of the act de-
clares that the decision of the Commission shall be final upon all ques-
tions of fact.

The appellants now contend that there was no evidence sustaining the
award, and that therefore there was an error of law.   But the claimant
was before the Commission, was examined personally, and gave his

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

testimony. It was justified in the award, if it believed him. The evidence against him was that of the two experts upon the former hearing. The Commission considered that the claimant was not unworthy of belief, and that he better than any one knew his condition. It does not appear that the appellants offered any evidence which was excluded. They were represented by counsel, and, if they desired to put in further evidence, should have asked or demanded that right. The decision stands as one of fact. We are precluded from considering it further. If, however, we were at liberty to review the question of fact, we could not say that the decision is against the evidence.

The award is therefore affirmed. All concur.