HEILEMAN BREWING COMPANY, Appellant, vs. SHAW and another, Respondents.

*October 8—October 26, 1915.*

*Workmen's compensation: Accidental injury while performing service growing out of and incidental to employment: Evidence: Sufficiency.*

Where a night workman, whose duties took him to all parts of the bottling house of a brewery, was found between 8 and 9 o'clock p. m. lying, unconscious and with bruises on his head and shoulder, on the basement floor beneath a guarded temporary opening in the floor above, and died on the following morning, findings by the industrial commission that his death was caused by an accidental injury sustained while he was "performing services growing out of and incidental to his employment," were not wholly unsupported by the evidence, although there was no direct evidence showing what he was doing at the time.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action to set aside an award of the *Industrial Commission* requiring the appellant company to pay to *Hulda Shaw* $3,000 on account of the death of her husband, James Shaw, caused by accident while in the employ of the appellant company. The circuit court affirmed the award and the plaintiff company appeals.

The decedent had been employed as night workman by the plaintiff company. His duties consisted mainly of cleaning up after the day force had left and turning on the steam in the pasteurizing machines, and his hours were from 6 o'clock in the evening until 6 o'clock in the morning. The plaintiff company had erected a building containing a large room in which there were various kinds of machinery. On November 15, 1914, the time of the accident, a large opening had been made in the first floor of this building preparatory to installing a pasteurizing machine. Surrounding this opening

there had been placed beer boxes with planks upon them for a guard or railing. This railing was placed at the edge of the opening.

The decedent had done the cleaning of the building on Saturday night and Sunday morning and the brewery did not operate on Sunday, November 15, 1914, the date of the accident. No one saw decedent in the building before he fell and there is no direct evidence showing what he was doing at this time. Decedent was required to turn on the steam in the pasteurizing machines sometime between midnight and 4 o'clock in the morning. This could be done from the basement floor.

Between 8 and 9 o'clock on the night of the accident the engineer and the assistant engineer were going through the building when they discovered an object on the basement floor. Upon closer examination this proved to be the body of decedent, and he was unconscious. He was removed to a hospital and died there the following morning. There was an abrasion on the back of the head and one shoulder was bruised. The finger nails of one of his hands were turned back. On the middle of one of the planks at the north edge of the opening there was an opened bottle of beer with the contents untouched.

The applicant is the wife of the deceased, and the *Commission* awarded her the maximum amount provided by the Compensation Act on account of his death.

For the appellant there was a brief by *Robert R. Freeman* and *Timothy Brown,* and oral argument by *Mr. Brown.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

SIEBECKER, J.  The *Industrial Commission* found that the decedent at the time of the accident was in plaintiff's employ and "performing services growing out of and incidental

to his employment," and that he "accidentally sustained personal injury, which said injury caused his death. . . ."　The *Commission* properly concluded from the evidence that decedent's duties under plaintiff's employment required of him performance of services within the various parts of the bottling house.　In passing on the claim for compensation the *Commission* declared that "the circumstances show an accidental injury" and that "there is no evidence in the case whatever to indicate suicide. . . . As the duties of the deceased took him to all parts of the building, it must be likewise presumed that he was injured in the course of his employment."　There is no dispute that decedent's duties began at 6 o'clock in the evening and continued to 6 o'clock in the morning, including the night from Sunday evening to Monday morning.　There is evidence to support the inference that he on Sunday evenings usually went to the part of the building where he fell and that at times on Sunday evening he performed services in any part of the building.　Under such circumstances it cannot be said that the *Commission's* finding that decedent was injured in the course of his employment is wholly unsupported by the evidence.　The facts and circumstances of the case amply support the conclusion of fact that decedent accidentally sustained a personal injury which caused his death and that it was incidental to his employment.　This state of the case calls for affirmance of the judgment of the circuit court upholding the award of the *Industrial Commission.　International H. Co. v. Industrial Comm.* 157 Wis. 167, 147 N. W. 53; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Northwestern I. Co. v. Industrial Comm.* 160 Wis. 633, 152 N. W. 416.

*By the Court.*—The judgment appealed from is affirmed.