EAGLE CHEMICAL COMPANY, Appellant, vs. NOWAK and an-
other, Respondents.

*October 8—October 26, 1915.*

*Workmen's compensation: Disability caused by accident: Evidence:
Findings of industrial commission, when conclusive.*

1. A finding by the industrial commission that adenitis of the lym-
   phatic glands in the groin, by which an employee was disabled,
   was the proximate result of an accidental injury sustained while
   he was engaged in loading a barrel of soap upon a wagon, is
   *held* to be supported by the evidence. WINSLOW, C. J., dissents.
2. If in any reasonable view of the evidence it will support either
   directly or by fair inference the findings of the industrial com-
   mission, such findings are conclusive upon the court.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from a judgment confirming an award of
the *Industrial Commission.*

The *Commission* found that "on June 22, 1914, applicant
and respondent were both subject to the provisions of chapter
599, Laws of Wisconsin for 1913; that on said date, while in
the employ of the respondent and performing service growing
out of and incidental to his employment, applicant accident-
ally sustained personal injuries; that the injuries sustained
were the proximate result of an accident and were not inten-
tionally self-inflicted; that as a result of said accident the
applicant was totally disabled from June 26 to November 29,
1914, a period of twenty-two weeks and two days; that at the
date of the accident applicant's average weekly wage was
$9.63 per week and that he is entitled to compensation at the
rate of $6.26 per week during said period of total disability;
that no compensation has been paid to the applicant herein;
that on the direct order of the respondent company the appli-
cant was furnished medical, surgical, and hospital treatment
as follows: Dr. J. H. Hackett $130, St. Mary's Hospital

$66.30, and Dr. Alexander $1.75, and that the respondent is directly liable for said bills; that the above mentioned medical, surgical, and hospital treatment was furnished within the ninety-day period provided by law."

The *Commission* rendered the following memorandum decision:

"*Henry Nowak* is a young man about twenty-two years of age. While in the employ of the respondent on the 22d of June, 1914, he was engaged in loading a barrel of soap from a platform. The barrel weighed about 500 pounds, and *Nowak,* together with two others, was rolling it up a skid, *Nowak* being in the center and the other workmen being at the end of the barrel. *Nowak* slipped and the barrel came back suddenly, causing him to fall across the barrel. Very shortly thereafter he complained of his condition to his employer, Mr. Winbigeler, the manager of the company, who was one of the men loading the barrel with him. He was directed by Mr. Winbigeler to go to Dr. Malone for treatment. Later he went to the county hospital for treatment and consulted various doctors.

"On July 18th he consulted Dr. Hackett, on the advice of Mr. Winbigeler, and on July 20th went to St. Mary's Hospital and was operated upon. He did not recover from his malady after this operation, and later, in October, was treated at the Marinette Hospital. He finally recovered from his disability and went back to work on November 29, 1914. He made application to the *Commission* for compensation, claiming he had received a rupture.

"On the hearing it appeared that he did not suffer from a rupture but suffered from inflamed glands in the groin, and the *Commission* directed that the pleadings might be amended to conform to the proof. There is no dispute in this case about the serious nature of *Nowak's* malady. The only question is as to whether the injury which he suffered from is the proximate result of the accident which happened to him on the 22d of June. It was shown without controversy that he had adenitis of the lymphatic glands in the groin and that it became necessary to remove, by operation, a number of these glands to relieve and cure him. It likewise appears without controversy that adenitis is usually caused by infection, and

that infection is produced by poison entering through an opening in the tissues. The function of the lymphatic glands is to strain out the poison from the blood and preserve the general health. Under ordinary conditions the glands are able to respond to the demands upon them. Infection of the glands in question usually comes through gonorrhœal infection through the penis, but may come from other sources, as from infection of the lower limbs or from tuberculosis germs. It also appears that the condition found here may have come through the rupture of a blood vessel, resulting in hæmatoma, or an unabsorbed blood clot.

"The original examination of the man does not seem to have been carefully made. Before the operation in St. Mary's Hospital Dr. Hackett examined the man to discover if he had gonorrhœal infection, but was unable to find any evidence of such infection. As usual, the medical experts differed as to the cause of *Nowak's* injuries. We are unable to determine with absolute certainty what the original cause of the adenitis was. There is no question here but what the man received an accidental injury; that he complained of pain resulting from such injury shortly thereafter; that he consulted physicians and adenitis was apparent; that various operations followed in order to cure and relieve. We believe that the adenitis was either the direct result of the injury or that there were poisonous germs in the glands which would have been thrown off but for the injury. Assuming the presence of dormant infection, or infection which was harmless because of nature's ability to dispose of it, the proximate result of the accident was to lower the vitality and to light up the infection, with the serious results that followed.

"We think that *Nowak's* disability was the result of injury received by accident in the course of his employment and he is entitled to compensation.

"It should be noted here that *Nowak* was a very industrious and capable young man and has the good will and sympathy of his employer. He himself claims that he has never had any gonorrhœal infection, and in the absence of proof to the contrary we must assume that his statement is true.

"It appears from the evidence that Dr. Hackett's bill was $130, St. Mary's Hospital bill $66.30, and Dr. Alexander's

bill $1.75, all of which was incurred within ninety days after the accident.    The bill at the Marinette and Menominee Hospital was incurred after the ninety days.    These bills incurred within the ninety days were all on the direct order of the manager of the respondent company and the respondent is liable directly for the same.

"An award will be entered for compensation during the period of applicant's disability and the award will also direct the respondent to pay the hospital and doctor bills within the ninety days."

The court below in ordering judgment said:

"The evidence of the plaintiff that the barrel dropped back, hit him in the glands and on the leg and that it hurt his glands, when viewed in the light of the evidence of all the physicians and especially that of Dr. Hackett, is sufficient to support the finding and award of the *Commission* under well established rules."

For the appellant there was a brief by *Robert R. Freeman* and *Timothy Brown,* and oral argument by *Mr. Brown.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

KERWIN, J.    We have set out the findings and decision of the *Industrial Commission* in the statement of facts.    Also the finding of the court below in ordering the award affirmed. The only question presented here is whether the award is supported by the evidence.

If in any reasonable view of the evidence it will support either directly or by fair inference the findings made by the *Commission,* such findings are conclusive upon the court. *Milwaukee v. Industrial Comm.* 160 Wis. 238, 151 N. W. 247; *Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245; *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Kill v. Industrial Comm.* 160 Wis. 549, 152 N. W. 148.    A careful reading of

the evidence convinces the court that the findings are supported by the evidence.

*By the Court.*—The judgment is affirmed.

Winslow, C. J. (*dissenting*). I think the award is wrong. The finding that the slight accident with the barrel was the proximate cause of the adenitis is founded on the merest conjecture. It is clear that there was no break or laceration of the skin, and it is equally clear that if the presence of the germs was due to a traumatic injury there must have been a break in the skin to give them entrance. As I read the testimony, no physician would venture a serious opinion that the respondent's disease was caused by the barrel incident. There was a bare possibility and no more. Awards cannot properly be founded on bare possibilities.