FIRST NATIONAL BANK OF MILWAUKEE, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 29—November 16, 1915.*

*Workmen's compensation: Industrial commission: Findings of fact,
when conclusive: Death from blood poisoning: Evidence: Competency: Res gestæ: Report of accident: Appeal: Costs: Briefs:
Excessive length.*

1. If there is any basis in the evidence for findings of the industrial
   commission they will not be disturbed by the court.
2. The industrial commission acting as an administrative board is
   not held to the same strict rule with respect to rulings on the
   admission of evidence as courts of law; and the admission of
   incompetent evidence will not operate to reverse the award if
   there is any basis in the competent evidence to support it.
3. Where, at about 9 o'clock of the night on which he is alleged to
   have suffered an injury which resulted in blood-poisoning and
   death, a night watchman and janitor employed in a bank appeared before another employee, sucking his thumb, and stated
   that he had scratched or pricked it, such statement was a part
   of the *res gestæ* and might be testified to by the other employee
   in a proceeding to recover compensation for the death.
4. A report of the accident made by the bank through its authorized
   agent was competent *prima facie* evidence of the facts stated
   therein, subject to be explained or contradicted.
5. The competent evidence in this case is *held* to support a finding
   of the industrial commission that deceased received the injury
   which caused his death on the night in question while in the
   employ of the bank and performing services growing out of
   and incidental to his employment.
6. Costs are allowed in this case for the printing of only twenty
   pages of an unnecessarily long brief of seventy-two pages.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court affirming an order of the *Industrial Commission* awarding the
respondent *Jennah Patch* compensation from the plaintiff
for the death of her husband, Asa A. Patch. Asa A. Patch
died April 9, 1914, from the effects of blood-poisoning. He

had been prior to his death for many years employed as night janitor and watchman by the plaintiff, *First National Bank of Milwaukee,* his duties being, among other things, to clean inkwells and cuspidors and make rounds of the building. His hours of duty were from 6 p. m. until morning. On Sunday, March 29, 1914, he left home in good health and condition, uninjured, and went to the bank. About 9 o'clock that evening he entered a room of the bank in which Schrantz, one of the employees of the bank, was working, sucking his thumb, and stated that he had scratched or pricked it. Later in the evening while playing cards with one Ballering he stated that he had just scratched his thumb while cleaning cuspidors; that he thought there was a pin in the towel he was using. On Wednesday following he complained to his wife of pain in his thumb and stated to her that he had pricked it, and found out afterwards that there was a pin in the towel he was wiping brass cuspidors with. Thursday the thumb grew worse; a physician was called and Patch was taken to the hospital; the thumb was opened and found to be badly infected. Patch died April 9th from general sepsis, and a doctor testified that the port of entry of the infection was the left thumb.

On May 15th plaintiff, through its agents, filed its report of the accident with the *Industrial Commission.* On this report the following answers were given to certain of the questions under the heading "Machine or Thing Causing In-jury:"

"23. What was it? Pin or sharp part of cuspidor.

"26. Part causing the accident? Point.

"31. How did the accident occur? Tip of left thumb punctured while cleaning cuspidor, presumably by pin or some sharp substance unknown in towel or cloth used in polishing."

The following errors are assigned: (1) That the court erred in finding that the statement of the deceased that he had

scratched or pricked his thumb at the time and that he was sucking it to cleanse it was part of the *res gestæ*. (2) The court erred in finding that there was evidence to support the finding that deceased was injured while engaged in performing services growing out of and incident to his employment. (3) The court erred in affirming the award of the *Commission*.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Mackey Wells,* of counsel, and oral argument by *Mr. Wells.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the respondent *Patch* there was a brief by *Doerfler, Green & Bender,* attorneys, and *Walter H. Bender,* of counsel, and oral argument by *Walter H. Bender* and *H. E. Kjorstad.*

KERWIN, J.    It seems unnecessary to repeat the rule so often stated by this court that if there is any basis in the evidence for the findings of the *Industrial Commission* they will not be disturbed by the court. *Hoenig v. Industrial Comm.* 159 Wis. 646, 150 N. W. 996; *Milwaukee C. & G. Co. v. Industrial Comm.* 160 Wis. 247, 151 N. W. 245; *Milwaukee W. F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998; *Eagle C. Co. v. Nowak, ante,* p. 446, 154 N. W. 636; *Heileman B. Co. v. Shaw, ante,* p. 443, 154 N. W. 631.

The *Industrial Commission* acting as an administrative board is not held to the same strict rule with respect to rulings on the admission of evidence as courts of law. *Chicago & N. W. R. Co. v. Railroad Comm.* 156 Wis. 47, 145 N. W. 216, 974; *Borgnis v. Falk Co.* 147 Wis. 327, 133 N. W. 209.

The admission of incompetent evidence will not operate to reverse the award if there be any basis in the competent evidence to support it. *Andrzejewski v. Northwestern F. Co.*

158 Wis. 170, 148 N. W. 37; *Chicago & N. W. R. Co. v. Railroad Comm., supra; Borgnis v. Falk Co., supra; Milwaukee C. & G. Co. v. Industrial Comm., supra; Milwaukee W. F. Co. v. Industrial Comm., supra.* It is insisted that the evidence of Schrantz to the effect that at about 9 o'clock deceased entered the room where he was working, sucking his thumb, and stated that he had pricked it, was not competent evidence as part of the *res gestæ.*

Deceased was at the bank on duty on the night in question. He appeared before Schrantz sucking his thumb and made the statement that he had pricked it. It also appears from the evidence that it was his custom to suck the part injured immediately upon receiving an injury, and that he was in perfect condition when he entered the bank that evening.

We think the evidence of Schrantz was competent as part of the *res gestæ. Andrzejewski v. Northwestern F. Co.* 158 Wis. 170, 148 N. W. 37; *Dixon v. Russell,* 156 Wis. 161, 145 N. W. 761; *Andrews v. U. S. C. Co.* 154 Wis. 82, 142 N. W. 487; *Zoesch v. Flambeau P. Co.* 134 Wis. 270, 114 N. W. 485.

Whether later statements made were competent we need not and do not decide.

The *Commission* refused to consider the report of the accident made by the employer, the material part of which is set out in the statement of facts. We think, independently of this report, there was ample competent evidence to support the award. We also think the report was competent *prima facie* evidence of the facts stated, subject of course to be explained or contradicted. True, in the instant case the report was made by the agent of the employer, but it appears that the agent was authorized to make it on behalf of the principal, and the principal was therefore bound by the acts of the agent. The supreme court of Michigan has held that such reports are admissible. *Reck v. Whittlesberger,* 181 Mich. 463, 148 N. W. 247, 249. See, also, on this point,

*Seaboard A. L. R. Co. v. Florida,* 203 U. S. 261, 27 Sup. Ct.. 109; *Chicago & N. W. R. Co. v. Railroad Comm.* 156 Wis., 47, 145 N. W. 216, 974.

All the competent evidence in the instant case tends· strongly to show that the deceased received the injury which caused his death on the night in question while in the employ of the bank and performing services growing out of and incidental to his employment.

We hold that there is ample evidence to support the award of the *Industrial Commission,* therefore the judgment below must be affirmed.

This case was ably presented on both sides in this court.. Counsel for the *Industrial Commission* furnished us with a. brief of twenty pages covering the material questions in the· case. Counsel for respondent *Jennah Patch* also presented a very able and exhaustive brief of seventy-two pages. This. brief seems unnecessarily long, therefore the court is of opinion that costs should be taxed for only twenty pages of brief of· respondent *Jennah Patch.*

*By the Court.*—The judgment is affirmed.