### JOSEPH W. SAVAGE'S (dependent's) CASE.

Worcester.    October 4, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

Where a workman employed in a foundry, who was engaged in unloading pig iron from a car on a spur track back of the foundry, for some unexplained reason left the car and went upon one of the main tracks of a railroad eight feet distant from the spur track and one foot above it and there was struck by an engine and killed, it was *held,* that a finding of the Industrial Accident Board, that such employee did not receive a personal injury arising out of and in the course of his employment, was warranted.

CARROLL, J.   Under the workmen's compensation act the findings of the Industrial Accident Board are equivalent to the verdict of a jury or the findings of a judge, and are not to be set aside if there is any evidence to support them. *Pigeon's Case,* 216 Mass. 51.  *Diaz's Case,* 217 Mass. 36.

The Industrial Accident Board made the following findings: "The employee, Joseph W. Savage, did not receive a personal injury arising out of and in the course of his employment; that his death occurred by reason of his unexplained absence from the car which he was engaged in unloading; that his presence on the railroad track was unnecessary under the circumstances and subjected him to a needless risk of injury from moving railroad trains; and that, therefore, the widow, Mrs. Eva Savage, is not entitled to compensation under the statute."

There was evidence to support this finding.   The employee,

who was employed in a foundry in Worcester, was at work unloading pig iron from a car on a spur track at the rear of the foundry, eight feet from the main line of the Boston and Albany railroad. This spur track was about one foot below the main line. For some unexplained reason he left the car and went upon one of the main tracks of the railroad, where he was struck by an engine and killed. There was no evidence showing it to be any part of his employment to cross the main track; nor was there any evidence tending to show why he was there. His dependent widow is not entitled to compensation under this statute unless the injury arose out of and in the course of her husband's employment; and to establish these facts the burden of proof rests upon her. It is not enough "to show a state of facts which is as equally consistent with no right to compensation as it is with such right." There being no evidence to show that the fatality was caused by her husband's employment or that it occurred while he was engaged therein, she cannot recover. *Sponatski's Case,* 220 Mass. 526, 528. *King's Case,* 220 Mass. 290. *Fumiciello's Case,* 219 Mass. 488.

*Decree affirmed.*

*J. P. Halnon,* for the dependent widow.

*C. C. Milton,* (*F. L. Riley* with him,) for the insurer.