MORGAN, RESPONDENT, *v.* BUTTE CENTRAL MINING &
MILLING CO. ET AL., APPELLANTS.

(No. 4,651.)

(Submitted November 22, 1920.  Decided December 13, 1920.)

[194 Pac. 496.]

*Workmen's Compensation—Industrial Accident Board—Findings—When Conclusive—Dependency.*

Appeal and Error—Evidence—Findings—When not Conclusive.
1.  *Held,* that the rule under which the supreme court will not
reverse the findings of the district court except where the evidence clearly preponderates against them does not obtain where
the findings were made by the district court upon the same record
presented for review on appeal, since then the appellate court is
in as advantageous a position to determine their correctness as
was the trial court in making them.

Workmen's Compensation—Appeal to District Court—Findings of Industrial Accident Board—When Conclusive.
2.  On appeal to the district court from an award made by the
Industrial Accident Board under the provisions of the Workmen's
Compensation Act (Chap. 96, Laws 1915), tried upon the record
made before the board, the court should not reverse the findings
of the board unless the evidence clearly preponderates against
them, the board having been in better position to determine of
the credibility of the witnesses and the weight to be given to
their testimony than can the court from an inspection of the
record.

Same—Dependency—What not Evidence of.
3.  Voluntary contributions made by a workman during his lifetime to one claiming benefits under the Workmen's Compensation
Act as a minor dependent are not necessarily evidence of dependency.

Same—Dependency—How Determined.
4.  In determining whether one was a dependent within the meaning of the Workmen's Compensation Act, the Industrial Accident
Board is not concerned with problematical future conditions, but
only with the condition of the claimant (dependent) at the time
of the injury to decedent and for a reasonable period prior thereto.

Same—Who is not "Dependent."
5.  One claiming benefits accruing to him as a "minor dependent"
can do so only when he is an invalid, *i. e.,* one who is physically
and mentally incapacitated; if he is able to support himself by
his own efforts in any branch of physical or mental endeavor, he
cannot be said to be "incapacitated."

Review of facts on appeal under Workmen's Compensation Act, see
notes in Ann. Cas. 1916B, 475; Ann. Cas. 1918B, 647.

Review of facts on appeal from decision of intermediate appellate
court reversing on facts, see note in Ann. Cas. 1918D, 1205.

Who is dependent within Workmen's Compensation Act, see notes
in Ann. Cas. 1913E, 480; Ann. Cas. 1918B, 749.

PROCEEDING by P. F. Morgan under the Workmen's Compensation Act to obtain compensation as a dependent for the death of a brother, Edward Morgan, opposed by the Butte Central Mining & Milling Company, the employer, and the Guardian Casualty & Guaranty Company, the insurer. An order denying compensation was reversed by the district court, and the employer and insurer appeal. Reversed and remanded, with directions to enter judgment in accordance with the findings of the Industrial Board.

*Messrs. Kremer, Sanders & Kremer,* for Appellants, submitted a brief; *Mr. Alf. C. Kremer* argued the cause orally.

(NOTE.—The cases cited by appellants being practically all incorporated in the opinion, it is deemed unnecessary to include them in the brief.)

*Messrs. Galen & Mettler* and *Mr. E. G. Toomey,* for Respondent, submitted a brief; *Mr. Frank W. Mettler* argued the cause orally.

Strictly speaking, claimant, at the very instant of his brother's death, may not, for a brief twenty-four hours, have been dependent upon him. Such a construction, however, would make the act but a skeleton of statutory sections hung together by empty words. The law does not intend to synchronize the employee's death and the dependent's activities with the nicety of a chronometer. It is held "that money which comes to a dependent by the death of a workman does not affect the question of whether or not he is dependent upon his earnings at the time of the death of the workman; that what the law intends is the condition immediately before the death of the workman." (*Price* v. *Penrikyber Colliery Co.,* 85 L. T., 4 W. C. C. 115; *State ex rel. City of Duluth* v. *District Court of St. Louis Co.,* 134 Minn. 28, Ann. Cas. 1918B, 635, 158 N. W. 791; *State ex rel. Crookston L. Co.* v. *District Court of Beltrami County,* 131 Minn. 27, 154 N. W. 509.) Therefore, any moneys that claimant herein received after July 12, 1916, the date of the injury and death of Ed. Morgan, decedent, cannot, according to the authorities just cited, affect the ques-

tion of whether or not claimant was dependent upon the earnings of the decedent at the time of his death, assuming that by any construction such evidence negatives the dependency of claimant. Section 24 (a) of the Montana Compensation Act provides: "Whenever this Act, or any part or section thereof is interpreted by a court, it shall be liberally construed by such court."

A person may be wholly dependent on the employee, although he receives occasional gratuities from others, or although he may have some slight savings of his own, or some other slight property or source of revenue, but not where he has any substantial and independent means of his own, or where the contributions of the deceased went merely to augment the savings of the family. (*State* v. *Hennepin County District Court*, 128 Minn. 338, 151 N. W. 123; *Carter's Case*, 221 Mass. 105, 108 N. E. 911; *Buckley's Case*, 218 Mass. 354, Ann. Cas. 1916B, 474, 105 N. E. 979; *Kenney's Case*, 222 Mass. 401, 111 N. E. 47; *Dazy* v. *Apponaug Co.*, 36 R. I. 81, 89 Atl. 160.)

That the phrase, "actually dependent upon the decedent at the time of the injury," in section 6 (n) of the Act in question, cannot be taken in its literal sense, is evident from the case of *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, Ann. Cas. 1918B, 747, 99 Atl. 494. In that case the supreme court of Connecticut in the course of its opinion uses the following language with reference to the words "in accordance with the fact as the fact may be at the time of the injury": "Dependency is to be determined in accordance with the fact as the fact may be at the time of the injury." (*Mahoney* v. *Gamble-Desmond Co.*, 90 Conn. 255, L. R. A. 1916E, 110, 96 Atl. 1025.)

That disability, which is synonymous with incapacity, means disability to perform work of the character in which the injured employee was engaged at the time of the accident, regardless of his earning capacity in other occupations, is established by the weight of authority. (See *International Harvester Co.* v. *Industrial Commission*, 157 Wis. 167, Ann. Cas. 1916B, 330, 147 N. W. 53; *Gorrell* v. *Battelle*, 93 Kan. 370, 144 Pac. 244.) " 'Incapacity for work' means no more than

inability to earn wages or full wages, as the case may be, at the work in which the injured workman was employed at the time of the accident." (*Duprey's Case,* 219 Mass. 189, 106 N. E. 686; *In re Gillen,* 215 Mass. 96, L. R. A. 1916A, 371, 102 N. E. 346; *Burbage* v. *Lee,* 87 N. J. L. 36, 38, 93 Atl. 859.) A finding of total incapacity for work may be sustained although the claimant has been able to obtain some employment. (*In re Septimo,* 219 Mass. 430, 107 N. E. 63; *Hanley* v. *Union Stockyards Co.,* 100 Neb. 232, 158 N. W. 939; *Barron* v. *Blair,* 8 B. W. C. C. 501.) In *Ball* v. *Hunt,* 5 B. W. C. C. 459, Lord McNaughton said: "Now, 'incapacity for work,' as the phrase is used in the schedule, seems to me to be a compendious expression, meaning no more than inability to earn wages, or full wages, as the case may be, at the work in which the injured workman was employed at the time of the accident." (*McDonald* v. *Wilson's etc. Coal Co.* [1912], 5 B. W. C. C. 478; *Patterson* v. *A. G. Moore & Co.,* 47 Scot. L. Rep. 30, 31; *Moore* v. *Peet Bros. Mfg. Co.,* 99 Kan. 443, 162 Pac. 295.)

Turning our attention now to a judicial discussion of permanent invalidism predicated on an injury to the nervous system, we find that the courts, despite Wigmore's criticism that their "fact finding instruments are crude and unscientific," have discovered, judicially, the seriousness and permanency of nervous injuries, and in keeping with modern medical theory affirmed the proposition that "injury to the nervous system, and the mind, is always accompanied by physical affection or disability."

That total incapacity may result, as in this case, from a nervous or mental condition of such extent that it cannot be overcome is recognized and sustained by the best reasoned decisions and the text-writers generally. (Honnold's Workmen's Compensation, sec. 155, p. 602; *Yates* v. *South Kirby etc. Collieries, Ltd.* [1910], 3 B. W. C. C. 418.) "Nervous shock due to accident is as much personal injury due to accident as a broken leg." Pain alone may render a person unable to work, or partially unable to work. (*Trowbridge* v. *Wilson*

& Co., 102 Kan. 521, 170 Pac. 816; Brown v. Watson, Ltd. [1914], 7 B. W. C. C. 271.)

A pertinent feature of some of the foregoing decisions, as respects their application to claimant, is found in the fact that the neurasthenic condition existing in the individual, who made claim for compensation, had its beginning in an injury to the head, or a body fall of ten feet or more—just such an injury as Morgan received in the summer of 1900. Likewise, the results consequent on the injury manifested themselves in a condition similar to Morgan's—but by no means as severe or deep-seated.

True, the foregoing cases present a situation where the person claiming compensation and suffering from the neurasthenic malady was the person who was injured during his employment, but, on the particular question of incapacity, the cases are as applicable to an adult who claims dependency on the grounds of invalidism. That incapacity which would preclude a workman from labor and make him totally "disabled" or "incapacitated" operates as effectually to make another an "invalid" within the meaning of the Act, i. e., a person deprived of natural function and power.

Counsel for appellants, in their brief, refer to the decision of this court in the case of Willis v. Pilot Butte Min. Co., 58 Mont. 26, 190 Pac. 124. In that case the appeal was from a judgment of the district court affirming the Compensation Board. In this case the appeal is from findings of the district court reversing the action of the board.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On July 12, 1916, one Edward Morgan, an employee of the defendant mining company, met death in an accident arising out of and in the course of his employment. All of the parties hereto are subject to the provisions of "plan two" of the Workmen's Compensation Act (Chap. 96, Laws 1915). Decedent had no wife, child, father or mother. P. F. Morgan, a brother forty-nine years of age, filed with the board, in the manner and within the time provided for by the Act, a claim

for compensation as a "minor dependent" on the ground that he was, at the time of the accidental death of his brother, an invalid dependent upon, and receiving support from, decedent. Numerous affidavits were filed. in support of the claim, among them those of four physicians to the effect that claimant was in no condition to perform physical or mental labor.

The insurer contested the claim on the ground that, under the provisions of the Act, a brother of an injured employee was entitled to compensation only when under the age of sixteen years, and upon the further ground that claimant was not, at the time of the accident, nor a long time prior thereto, dependent upon the decedent, but, on the contrary, was an able-bodied man capable of earning his own living. A hearing was had and oral testimony introduced. Dr. Horst was the only physician called to the stand. The board commented at length upon, but did not decide, the question as to whether a brother over the age of sixteen years could, under any circumstances, be awarded compensation, but found that claimant was not an invalid within the meaning of the term as used in the Act, and rejected the claim.

An appeal was taken to the district court of Silver Bow county, and it was there stipulated that the matter should be heard and determined on the record as made before the board and the briefs of counsel. The district court in its findings declared that "the findings and conclusions of the board are not in accordance with either the facts or the law," set the action of the board aside, and awarded compensation. This appeal is from the judgment of the district court.

The first question which suggests itself to our minds, though not urged by counsel, is whether, under our Act, claimant is entitled to compensation no matter what his physical or mental condition was at the time of the accidental death of his brother.

Section 16 of the Act provides that: "Every employer and insurer who shall become bound by * * * plan Number two * * * shall be liable for the payment of compensation * * * to an employee who has elected to come under this Act and who shall receive an injury arising out of and in the course of his employment, or, in the case of his death from

such injury, to his beneficiaries, if any; or, if none, to his major dependents, if any; or, if none, to his minor dependents, if any.'' The terms here used are defined in section 6 of the Act:

"Sec. 6 (1).  'Beneficiary' means and shall include a surviving wife or husband  *  *  *  a surviving child or children under the age of sixteen years and an invalid child or invalid children over the age of sixteen years.  *  *  *

"Sec. 6 (m).  'Major dependent' means if there be no beneficiaries,  *  *  *  the father and mother,  *  *  *  if actually dependent to any extent upon the decedent at the time of his injury.

"Sec. 6 (n).  'Minor dependent' means if there be no beneficiary,  *  *  *  and if there be no major dependent, *  *  *  the brothers and sisters, if actually dependent upon the decedent at the time of his injury.''

"Sec. 6 (o).  'Invalid' means one who is physically or mentally incapacitated.''

Section 7 (a) then provides: "In computing compensation to children and to brothers and sisters, only those under sixteen years of age, or invalid children over the age of sixteen years, shall be included, and, in the case of invalid children, only during the period in which they are under that disability  *  *  * after which payment on account of such person shall cease. Compensation to children, or brothers or sisters,  *  *  *  shall cease when such persons reach the age of sixteen years.''

In the absence of the last clause quoted, the term ''invalid'' applies only to a child or children, and brothers and sisters over the age of sixteen years are clearly not entitled to compensation, no matter how absolute their dependency.

How far the use of the phrase ''except invalids,'' in parenthesis after ''children *or* brothers *or* sisters,'' in the final clause of section 7 (a), qualifies the former declaration, contained in the same section, that ''in computing compensation  *  *  * to brothers and sisters, only those *under* sixteen years of age, shall be included,'' it is not necessary for us to here determine, as the cause was by the board, and will here be, disposed

of on other grounds, properly presented and urged in the brief and argument of counsel.

The evidence is undisputed that at the time of the injury Edward Morgan was contributing approximately $30 per month to the support of claimant. The only question before us, therefore, assuming that an invalid brother over the age of sixteen years is entitled to compensation, is: Was the finding of the board that claimant was not, at the time of the injury an invalid within the contemplation of the Act supported by any substantial evidence?

Counsel for claimant contend that, as the appeal is from the [1] judgment of the district court, the rule that "the supreme court will not reverse the findings of the district court except where the evidence clearly preponderates against them" controls, and that the findings and decision of the board are only indirectly involved. The reason for the adoption of the rule quoted is that in cases where such a rule is applicable the trial court has had the witnesses before it and had the superior advantage of considering their evidence in the light of their demeanor on the stand and the manner in which they testified. Where, however, the trial court renders its findings on the identical record presented to the appellate court, the reason for the rule does not attach; and it is one of our maxims that, "when the reason of a rule ceases so should the rule itself." (Sec. 6178, Rev. Codes.) We are in as an advantageous position as was the district court on the appeal from the findings [2] of the board. The rule contended for should, however, have governed the action of the district court; its position is analogous to that of a district judge, other than the one who presided at the trial, to whom a motion for a new trial has been submitted. In such a case this court has said: "When a motion for a new trial for insufficiency of the evidence is submitted to a judge other than the one who presided at the trial, for the very reason that he cannot call to his aid a recollection of the demeanor of the witnesses, he ought not to go further than to determine upon the dead record the question whether there is a decided preponderance of evidence against the verdict or decision. If such is the case, a new trial ought

to be granted; otherwise not." (*Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76, citing *Orr* v. *Haskell,* 2 Mont. 225, and *Landsman* v. *Thompson,* 9 Mont. 182, 22 Pac. 1148.)

This rule was applied in *Willis* v. *Pilot Butte Min. Co.,* 58 Mont. 26, 190 Pac. 124, which was also a case arising under our Compensation Act. In the opinion, after declaring that the action of the district court is that of review rather than a new trial, we said: "Our duty, then, is but to determine whether the evidence before the board clearly preponderates against its findings, as adopted by the court; if not, we must affirm the judgment." This is true whether the district court adopts or rejects the findings of the board on a review of the "dead record."

The rule almost universally adopted by the courts in jurisdictions having Compensation Acts is that the findings and decision of the commission or board cannot be reversed where there is any evidence to support them:

California: *Frankfort Ins. Co.* v. *Pillsbury,* 173 Cal. 56, 159 Pac. 150; *Western Indemnity Co.* v. *Pillsbury,* 172 Cal. 807, 159 Pac. 721; *Great Western Power Co.* v. *Pillsbury,* 170 Cal. 180, 149 Pac. 35; *Kirkpatrick* v. *Industrial Acc. Com.,* 31 Cal. App. 668, 161 Pac. 274; *Smith* v. *Industrial Acc. Com.,* 26 Cal. App. 560, 147 Pac. 600.

Michigan: *Bayne* v. *Riverside S. & C. Co.,* 181 Mich. 378, 148 N. W. 412, 5 N. C. C. A. 837; *Shafer* v. *Parke-Davis Co.,* 192 Mich. 577, 159 N. W. 304; *Papinaw* v. *Grand Trunk Ry. Co.,* 189 Mich. 441, 155 N. W. 545; *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich. 125, L. R. A. 1916A, 17, 153 N. W. 657, 9 N. C. C. A. 647; *Ramlow* v. *Moon Lake Ice Co.,* 192 Mich. 505, L. R. A. 1916F, 955, 158 N. W. 1027; *Hills* v. *Blair,* 182 Mich. 20, 148 N. W. 243.

New York: *Rhyner* v. *Hueber Building Co.,* 171 App. Div. 56, 156 N. Y. Supp. 903; *Hendricks* v. *Seeman Bros.,* 170 App. Div. 133, 155 N. Y. Supp. 638; *Goldstein* v. *Centre Iron Works,* 167 App. Div. 526, 153 N. Y. Supp. 224; *Prokopiak* v. *Buffalo Gas Co.,* 176 App. Div. 128, 162 N. Y. Supp. 288.

Wisconsin: *Milwaukee Coke & Gas Co.* v. *Industrial Acc. Com.,* 160 Wis. 247, 151 N. W. 245; *First Nat. Bank* v. *Indus-*

*trial Com.,* 161 Wis. 526, 154 N. W. 847; *Milwaukee* v. *Industrial Com.,* 160 Wis. 238, 151 N. W. 247; *Eagle Chemical Co.* v. *Nowak,* 161 Wis. 446, 154 N. W. 636; *Heileman Brewing Co.* v. *Shaw,* 161 Wis. 443, 154 N. W. 631.

Massachusetts: *In re Fierro's Case,* 223 Mass. 378, 111 N. E. 957; *In re Doherty's Case,* 222 Mass. 98, 109 N. E. 887; *In re Savage,* 222 Mass. 205, 110 N. E. 283; *In re Sanderson,* 224 Mass. 558, 113 N. E. 355; *In re Von Ette,* 223 Mass. 56, L. R. A. 1916D, 641, 111 N. E. 696.

Illinois: *Armour & Co.* v. *Industrial Board,* 273 Ill. 590, 113 N. E. 138; *Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498, 113 N. E. 976; *Chicago A. R. Co.* v. *Industrial Board,* 274 Ill. 336, 113 N. E. 629; *Sub. Ice Co.* v. *Industrial Board,* 274 Ill. 630, 113 N. E. 979; *Munn* v. *Industrial Board,* 274 Ill. 70, 113 N. E. 110.

New Jersey: *Blackford* v. *Green,* 87 N. J. L. 359, 94 Atl. 401; *Jackson* v. *Erie Ry. Co.,* 86 N. J. L. 550, 91 Atl. 1035; *Scott* v. *Payne Bros.,* 85 N. J. L. 446, 89 Atl. 927; *Bryant* v. *Fissell,* 84 N. J. L. 72, 86 Atl. 458.

Minnesota: *State ex rel. Crookston L. Co.* v. *District Court,* 132 Minn. 251, 156 N. W. 278; *State ex rel. Virginia & Rainy Lake Co.* v. *District Court,* 128 Minn. 43, 150 N. W. 211; *State ex rel. Nelson-Spelliscy Imp Co.* v. *District Court,* 128 Minn. 221, 150 N. W. 623.

Washington: *Sinnes* v. *Daggett,* 80 Wash. 673, 142 Pac. 5.

Rhode Island: *Weber* v. *American Silk Spinning Co.,* 38 R. I. 309, Ann. Cas. 1917E, 153, 95 Atl. 603, 11 N. C. C. A. 437.

Connecticut: *Appeal of Hotel Bond Co.,* 89 Conn. 143, 93 Atl. 245.

In the last case cited the court said: "Compensation Acts have had a common origin and a common history, and the great majority of the twenty-four thus far enacted in our states bear close resemblance to each other in essential features. In only three of the twenty-four, we believe, is a retrial of * * * fact permitted on appeal from an award; and, unless the Acts have expressly given a retrial, the courts have construed them to intend the contrary."

The authorities above cited merely apply to the findings and decision of the Accident Board, the general rule governing the review of the evidence on appeals generally. That this is true is indicated in *Re Savage, supra,* where it is said: "The findings of the Industrial Accident Board are equivalent to the verdict of a jury or the findings of a judge."

The rules heretofore announced in this jurisdiction that (1) the supreme court will not reverse the findings of the district court in equity cases, except where the evidence clearly preponderates against them, and (2) where there is a substantial conflict in the evidence, in an action at law, the supreme court will not reverse the judgment on the ground of insufficiency of the evidence, are but modifications of the general rule above announced.

We can therefore go no further than to determine from the cold record whether the evidence clearly preponderates against the findings of the board, and must assume that the district court found that it does.

The evidence is conflicting. While the claimant testified that [3] he was entirely incapacitated from performing any labor at the time of the accident and for more than three years prior thereto, it appears without contradiction that at the very time he was employed in a clerical position, receiving approximately $4 per day for his services, and that he had been so employed for a period of six weeks prior to the accident. It is true that he established the fact that Edward Morgan was at the same time contributing to his support. But voluntary contributions are not necessarily evidence of dependency. (*Miller* v. *Riverside Storage Co.,* 189 Mich. 360, 155 N. W. 462.)

As proof of his dependency, claimant also offered proof to [4] the effect that he had been injured in a mine in the year 1900, and that as a result of that injury he was at the time of the injury to his brother unable to perform labor in the mines and suffered from constant headaches and nervousness. Yet it is admitted that he worked in the mines at Butte for seven years thereafter and on the police force of that city for two years, and did not leave the police force because of incapacity, but in order to attend a medical college. As to his

headaches and mental condition, Dr. Horst, called for the claimant, testified that he had examined the man and that he passed a pretty fair examination; that he found nothing much to warrant his condition; and that headache and nervousness would not, under ordinary conditions, incapacitate a man from work, although he added that, "if continued and persistent, he would land in the insane asylum or die, because one cannot suffer from these things all the time and not feel wretched." The board was not, however, concerned with problematical future conditions, but only with the condition of claimant at the time of the injury and for a reasonable period prior thereto.

It also developed that claimant was in the habit of taking as high as seventy-five Asetanilid tablets a day, for the relief of pain, which amount, the doctor testified, if taken by a man not accustomed to their use, would produce death. And it must be remembered that the board had the claimant himself before it on the stand; he was, in effect, a living exhibit of his then condition, which was said to be worse than at the time of the injury to his brother. The board in its findings commented on his condition, in the light of the evidence adduced, as follows: "On the witness-stand he proved a competent, careful witness, with a strong, quick, active, virile mind; not a moment's hesitancy in answering questions; quick on dates and positive in his statements, indicating that he could fairly and reasonably be expected to fill with satisfaction any clerical position. He was on the witness-stand for over an hour and a half, subjected to a thorough examination and a grueling cross-examination; yet there was not the slightest indication of exhaustion or undue nervousness, or any symptoms to indicate an invalid. He appeared strong physically, weighing close to 200 pounds (judging from appearance) and displayed exceptional mental ability."

It is contended that claimant's condition is due to an injury received in 1900, while working in another state, and counsel, taking that injury as the basis, contend that incapacity means only inability to perform the labor the injured party was performing at the time of the injury, and cite many cases under compensation laws in support of their contention. But these

cases refer, and can only refer, to disabled workmen seeking compensation for the injury resulting in disability, and can have no bearing on the incapacity of a dependent.

If a brother over the age of sixteen years is a "minor dependent" under the provisions of our Act, it can only be when [5]   such brother is an "invalid"—that is, "one who is physically or mentally incapacitated." It is immaterial what is the cause of his infirmity; on the other hand, if he is able to support himself by his own effort in any branch of physical or mental endeavor, he cannot be said to be "incapacitated."

On the "dead record," we cannot say that the evidence clearly preponderates against the findings of the board, and are therefore forced to the conclusion that the district court erred in so finding.

The judgment and order appealed from are reversed, and the cause is remanded, with direction to the district court to enter judgment in accordance with the findings of the board.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLO-WAY, HURLY and COOPER concur.

