STATE ex Rel. McCRACKEN, Respondent, *v.* STATE
LIQUOR CONTROL BOARD et al., Appellants.

(No. 8444.)

(Submitted October 5, 1943. Decided October 29, 1943.)

[143 Pac. (2d) 891.]

*Mr. R. V. Bottomly,* Attorney General and *Mr. Clarence Hanley,* Assistant Attorney General and *Mr. T. H. MacDonald* for appellants, ▮▮▮▮▮▮▮ *Mr. MacDonald* argued the cause orally.

*Mr. Edwin E. Multz,* for respondent, ▮▮▮▮▮▮▮

MR. JUSTICE ERICKSON delivered the opinion of the court.

The State Liquor Control Board has appealed from a judgment directing the issuance of a peremptory writ of mandate commanding the return by it of certain retail liquor license fees.

The question is whether Elmo McCracken must be charged with the payment of a $200 or a $600 retail liquor license fee. McCracken's premises are located outside of the city of Billings but within five miles of the city limits. If, therefore, McCracken's place is not located in a town he must pay the same rate as those in the city of Billings, namely $600. If, however, his place is located within a town, then, even though within five miles of Billings, the smaller fee of $200 is charged. (See Chapter 211, Laws of 1943; *Pollard* v. *Montana Liquor Control Board,* 114 Mont. 44, 131 Pac. (2d) 974.)

The whole controversy then is whether McCracken's place is located within a town. It is submitted to us upon an agreed statement of facts from which the trial court found McCracken to be a town. That statement so far as is pertinent is as follows: "That the said relator has his premises from which he conducts his business as retail liquor dealer at the premises known as Lake Elmo, situated in Yellowstone County, Montana; that the place where said premises are located is designated on the official map of the Montana State Board of Railroad Commissioners as 'McCracken'; that said place so designated as 'McCracken' during all of the time in Relator's Petition mentioned, has sometimes been known as Lake Elmo, and has been interchangeably known and designated; that the premises of relator and the place designated on the said map as 'McCracken' is situated within a distance of five miles, to-wit, a distance of four and one-tenth miles, along the shortest route of regular travel from the exterior limits of the said City of Billings, and within five miles of the City of Billings, Montana, measured in a straight line from the nearest entrance of said premises to the nearest boundary of said City of Billings, Montana; that there are dwelling houses surrounding said premises to the number of twenty-five, which said dwellings are occupied by persons in the number of approximately eighty to one-hundred; that said dwellings are in close proximity to each other, the nearest dwelling to said premises being approximately 1/10 mile, that there is a school house located approximately two miles from said premises measured by the regular traveled highway, to which some of the children of persons occupying said dwellings attend, and which said school serves on occasions as a community center for occupants of said dwellings; that there is one retail liquor and beer establishment, other than relator's, situated one and eight-tenth miles by highway from relator's premises; that relator, during the late Spring, Summer and early Fall months, on his said premises keeps for sale and sells at retail certain edibles and groceries, such as bread, crackers, dairy products, lunch and cold meats, canned goods and fruits for the convenience of patrons of said premises

and of picnickers and vacationers, which retail sales are made under a license therefor required by law; that there is also in the vicinity of said premises a service station and repair shop; that relator's premises, besides being conducted as a retail liquor establishment, are also used as an entertainment and dance hall and patronized by occupants of the dwellings hereinabove mentioned as well as by residents of the City of Billings, and by transients; that adjacent to said premises is a lake, known as Lake Elmo, which is resorted to by persons occupying said dwellings and by residents of said City of Billings, and surrounding localities as a resort for swimming, boating, and for sports in winter such as skating, hockey, etc; that the premises of relator, and the dwellings located in the vicinity are serviced from the City of Billings, with electricity, gas and telephone; that mail addressed from places outside to 'Lake Elmo, Yellowstone County, Montana,' is delivered by United States Rural Delivery Mail to the addressees; that the occupants of the dwellings mentioned above are engaged in truck farming on their respective premises as well as various miscellaneous occupations and employments in the City of Billings; and at the premises of relator; that said occupants patronize the premises of relator as well as the other businesses mentioned above, as do visitors from outside Yellowstone County, residents of Billings, Montana, and others; that the premises of relator are frequently used by said dwellers for private gatherings and social events, dances, etc.; * * * that for a distance of approximately three and five-tenths miles from the city limits of the City of Billings to the nearest dwelling near the premises of relator, on the regular traveled highway from the West out of Billings, there are but two dwelling houses; that the premises of relator and the dwellings and business houses mentioned hereinabove do not have any police protection or fire protection from said City of Billings, nor at all; that is has no government body, nor is it located upon a regularly platted townsite and it is not incorporated as a town or other municipality; that the above mentioned physical facts have been in existence and existed during the years 1940, 1941, 1942 and now exist.''

The parties have also certified a map showing the location of the various houses which are alleged to constitute a town.

This court in the case of *Pollard* v. *Montana Liquor Control Board,* supra, has dealt with the question here involved. That case does not lay down a rule by which we may say that a group of dwellings is or is not a town. It simply delineates the characteristics of certain communities near the city of Butte and finds them to be either towns or not.

The plaintiff in the case at bar contends that under the decision in the *Pollard case,* McCracken is a town. In this the plaintiff is in error.

Despite the fact that the community of McCracken has some of the attributes commonly present in well-defined towns, yet one cannot conclude McCracken to be one. There are no other business houses anywhere near that of relator. There is another liquor establishment some two miles away and a service station out on the main highway a mile distant. The schoolhouse sought to be included in Lake Elmo or McCracken is some two miles distant. No attempt is made to show the boundaries of the community nor to prove that any of the inhabitants of the community consider Lake Elmo to be a town. The record and the map show Lake Elmo to be a resort in the country with dwellings scattered along the road leading to it and nothing more. By a reference to the map it is clear that the dwellings are farm houses situated in a row adjacent to a county road extending for a half mile or more. It is obvious that this row of dwellings was not intended to be, nor is, urban in character, but is purely agricultural. The dwellings were not built as they were because the inhabitants wanted to dwell together but were erected because the small agricultural tracts of land made such an arrangement of dwellings necessary.

While the fact that McCracken appears on the Public Service Commission map of the state of Montana is entitled to consideration, it is not conclusive that McCracken is a town. There are innumerable sidings on the various railroads in the state of Montana which have no buildings at all in the near vicinity and no

one would suggest that their mere designation on the map by name makes them towns. For example, Kain's Spur in Jefferson County, near Helena, appears on the map, but no one would suggest that it has the status of a town. Nor is the fact of much weight that mail addressed to Lake Elmo or McCracken would eventually reach the addressee, as mail addressed to any well-known rural community designating also the county would have the same likelihood of reaching its intended recipient. It seems obvious that the legislature, in providing for the larger license fee for premises within five miles of a larger city, had exactly the relator's type of place in mind. With the record before us we cannot conclude that the trial court was correct in holding Lake Elmo or McCracken to be a town within the statute and under the decision in the *Pollard case,* supra.

While ordinarily we indulge the presumption that the trial court's findings are correct, since the case is one submitted upon an agreed statement of facts, we are in the same position as the district judge in reviewing the facts and the presumption does not have the force as in other cases. (*Morgan* v. *Butte Cent. Min., etc., Co.,* 58 Mont. 633, 194 Pac. 496; *Hoppin* v. *Lang,* 81 Mont. 330, 263 Pac. (2d) 421). Other questions are raised of a procedural nature, but in the view we take of the matter above discussed, they need not be here determined.

Judgment reversed and cause remanded with directions to dismiss the proceedings.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON, ADAIR and MORRIS concur.

Rehearing denied January 4, 1944.